UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-22257-JB

UNIDOSUS, *et al.*,

      Plaintiffs,

v.

CORD BYRD, *et al.*,

      Defendants.

_____/

## ORDER GRANTING IN PART MOTION TO TRANSFER, CONSOLIDATE, AND ALIGN PLEADING DEADLINES

**THIS CAUSE** comes before the Court upon Defendant Secretary of State Cord Byrd's Motion to Transfer, Consolidate, and Align Pleading Deadlines.[1]  ECF No. [45].  The remaining Defendants, Joe Scott, Alina Garcia, and Wendy Sartory Link, in their official capacities as Supervisors of Elections, joined in the Motion.  ECF No. [54].  Plaintiffs filed a Response confirming that they do not oppose the Motion.  ECF No. [56].  Upon careful consideration of the parties' submissions, the pertinent portions of the record, and the relevant authorities, the Motion is granted in part and denied in part.

---

[1] The Motion is also filed by the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, Dave Kerner, who although not a defendant in this action, is a named defendant in a similar action filed in the Northern District of Florida, *Florida State Conference of Branches and Youth Units of the NAACP, et al. v. Byrd, et al.*, 4:26-cv-00147 (the "Northern District Action").

## I.   BACKGROUND

On April 1, 2026, Florida Governor Ron DeSantis signed House Bill 991 ("H.B. 991"), known as the Florida SAVE Act, into law.  The SAVE Act requires, among other things, that individuals provide proof of U.S. citizenship in connection with new and updated voter registration applications.  Two federal lawsuits were promptly filed challenging the Act's citizenship verification provisions.

On April 1, 2026, at 9:32 a.m., Plaintiffs filed this action in the Southern District of Florida against the Secretary of State and the Supervisors of Elections for Broward, Miami-Dade, and Palm Beach counties.  ECF No. [1].  About two hours later, the Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans, Inc. filed an action in the Northern District of Florida against the Secretary of State, the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, and all of Florida's sixty-seven Supervisors of Elections.  *See* Northern District Action, ECF No. [1]. Both actions seek injunctive and declaratory relief as to the citizenship requirements.  *Id*.  No substantive record activity, other than that related to the transfer of the case filed in the Northern District, has taken place in either case.

## II.   THE INSTANT MOTION

In the Motion, Defendants seek to transfer the Northern District Action to this Court, consolidate the actions, and align their respective responsive pleading deadlines.  *See generally*, ECF No. [45].  Defendants rely on the first-filed rule or, in the alternative, 28 U.S.C. § 1404(a), to support their request to transfer the

Northern District Action to this Court. *Id.* As noted above, Plaintiffs do not oppose the Motion. *See generally*, ECF No. [56]. However, Plaintiffs note that there is a split among district courts in this Circuit as to whether the first-filed court or the second-filed court is the appropriate court to resolve the transfer request. *Id.* at 1.

To that end, the Secretary filed a motion in the Northern District Action requesting that the Northern District Action be transferred to this Court. The Court in the Northern District Action thereafter issued an Order Acknowledging Motion to Transfer noting that the law requires the first-filed court to rule on the transfer motion, and thus deferred to this Court "to so rule at this time." *See* Northern District Action, ECF No. [40] at 1–2. The Order also specified that if this Court determined it was not the appropriate court to rule on Defendants' transfer motion, it would address Defendants' unopposed motion on an expedited basis. *Id.* at 2. In addition, the plaintiffs in the Northern District Action do not oppose transfer of their case to this Court.[2] ECF No. [54] at 2; *see also* Northern District Action, *Order Denying Motion to Stay Case*, ECF No. [34] ("All sides agree that transfer of this case to the first-filed court in the Southern District of Florida is appropriate.").[3]

---

[2] The Court notes that the Northern District of Florida has no objection to the requested transfer. *See* Northern District Action, *Order Denying Motion to Stay Case*, ECF No. [34] ("[T]his Court certainly has no objection to the transfer.").

[3] However, the plaintiffs in the Northern District Action do oppose consolidation in full, agreeing only to consolidation "for purposes of timing of hearings, depositions, pleadings, and similar proceedings." ECF No. [54] at 2.

## III.   ANALYSIS

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.,* 713 F.3d 71, 78 (11th Cir. 2013) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir.1982)).  The Eleventh Circuit has long held that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) (citing *United States Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir.1990); *Church of Scientology of Cal. v. United States Dep't of Defense,* 611 F.2d 738, 750 (9th Cir.1979)).  The first-filed rule "is based on the principle of comity, and it serves the practical purpose of 'conserv[ing] judicial resources and avoid[ing] conflicting rulings.'" *Sciacca v. Brothers Records, Inc.*, No. 06-cv-21175, 2006 WL 8433807, at * 1 (S.D. Fla. Aug. 1, 2006) (Jordan, J.) (alteration in original) (citation omitted).

To begin, the Court must address whether it is the proper court to rule on the Motion.  In *Collegiate Licensing*, the Eleventh Circuit considered whether a Georgia district court erred in its application of the first-filed rule when issuing an injunction requiring the dismissal of intervention complaints filed in the Northern District of California.  713 F.3d at 77.  The Georgia district court was the first-filed court, as the intervention complaints were filed after the Georgia action was

4

instituted.  *Id.* at 79.  The Eleventh Circuit found that the Georgia district court properly applied the first-filed rule.  *Id.* at 80. In explaining the contours of the first-filed rule, the Eleventh Circuit stated that "the first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id.* at 78.

Nevertheless, the *Collegiate Licensing* court did not expressly address whether the Georgia district court, as the first-filed court, was the proper court to decide whether to apply the first-filed rule.  Courts in the Southern District of Florida have reached different conclusions as to which court (i.e., the first-filed court or the second-filed court) should resolve application of the first-filed rule. *Compare Sciacca*, 2006 WL 8433807, at *6 (noting that typically, "the first-filed court decides whether the first-filed rule should apply or not") (citing *Supreme Int'l Corp. v. Anheuser-Busch, Inc.,* 972 F. Supp. 604, 607 (S.D. Fla. 1997)) *and Interim Healthcare, Inc. v. Durbin*, No. 21-cv-62561, 2022 WL 255338, at * 2 (S.D. Fla. Jan. 27, 2022) (same) *with*, *Abreu v. Pfizer, Inc.*, No. 21-cv-62122, 2022 WL 481184, at * 5 (S.D. Fla. Feb. 16, 2022) (holding that motion to transfer based on first-filed rule must be filed with the second-filed forum) (collecting cases). Courts in other districts in Florida have concluded that the first-filed court is the correct court to determine application of the first-filed rule.  *See e.g.*, *Humbert v. Bytedance, Inc.*, No. 24-cv-236, 2025 WL 2412155, at * 2 (N.D. Fla. Jan. 28, 2025) ("District courts across the Eleventh Circuit have held that the first-filed court should decide whether to apply

the first-filed rule.") (collecting cases); *Valpak Direct Mktg. Sys. v. Valpack of Cincinnati, Inc.*, No. 05-cv-01420, 2025 WL 2416061, at *3 (M.D. Fla. Sept. 30, 2005) ("Therefore, this Court, as the second-filed court, finds that the district court in the Southern District of Ohio is the proper court to determine whether the first-filed rule should apply . . . ."). Although the Eleventh Circuit has not explicitly addressed the issue, the Court finds it is unnecessary to resolve these conflicts among the district courts in this Circuit given that the Northern District of Florida has deferred to this Court to rule on the Motion, and no party objects to the Court doing so. Accordingly, the Court finds that it is the proper court to determine whether the first-filed rule should apply.

The Court now turns to whether the first-filed rule should apply here. There are three factors a court must consider when evaluating the first-filed rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Chapman v. Progressive Am. Ins. Co.*, No. 17-cv-00102, 2017 WL 3124186, at * 1 (N.D. Fla. July 24, 2017) (quoting *McLeod v. Maidenform Brands, Inc.*, 2014 WL 644633, at *1 (N.D. Fla. Feb. 19, 2014)); *see also Collegiate Licensing Co.*, 713 F.3d at 79 (evaluating which action was filed first and the similarity of the issues and parties in determining whether district court properly applied first-filed rule). Neither the parties nor the issues need to be identical, as the relevant question "is whether the claims involve overlapping parties and issues." *Sciacca*, 2006 WL 8433807, at *3. A party who objects to jurisdiction in the first-filed forum

6

"carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135.

Here, there is no dispute that this action is the earlier-filed action, as it was filed before the Northern District Action, albeit by a mere two hours. Nor is there any dispute that the claims at issue are similar, as both suits challenge the citizenship and verification requirements in H.B. 991. *Compare* ECF No. [1] *with*, Northern District Action, ECF No. [1]. While the parties are not identical, there is significant overlap in that Defendants here are also named defendants in the Northern District Action. *Id*. Given the above, the Court finds that the parties, issues, and factual underpinnings in this action and the Northern District Action are similar enough to warrant application of the first-filed rule, and therefore, transfer of the Northern District Action to this Court is warranted.

Defendants also request that the Court consolidate both actions for all purposes and align pleading deadlines. ECF No. [45] at 11–12. No party objects to alignment of pleading deadlines. ECF No. [54] at 2. However, the record reflects that the plaintiffs in the Northern District Action oppose full consolidation, agreeing only to consolidation "for purposes of timing of hearings, depositions, pleadings, and similar proceedings." *Id*. The Court will consider the issue of consolidation after the action is transferred.

## IV.   CONCLUSION

For the reasons above, it is hereby **ORDERED AND ADUDGED** that Defendants' Motion to Transfer, Consolidate, and Align Pleading Deadlines, ECF

No. [45], is **GRANTED IN PART AND DENIED PART** as follows:

1. Defendants' request to transfer *Florida State Conference of Branches and Youth Units of the NAACP, et al. v. Byrd, et al.*, 4:26-cv-00147, currently pending in the Northern District of Florida, is **GRANTED**.

2. Once the Clerk of the Northern District of Florida transfers *Florida State Conference of Branches and Youth Units of the NAACP, et al. v. Byrd, et al.*, 4:26-cv-00147, to the Southern District of Florida, the case shall be directly assigned to the undersigned.

3. Defendants' request to align pleading deadlines is **GRANTED**. Within **ten (10) days** following transfer of the Northern District Action to this Court, the parties in both cases shall file a Joint Notice setting forth a proposed briefing schedule with respect to Defendants' responses to the Complaints.

4. Defendants' request for full consolidation is **DENIED WITHOUT PREJUDICE**. Any motion for consolidation shall be filed within **fourteen (14) days** following transfer of the Northern District Action to this Court.

5. Defendant Byrd shall promptly file a copy of this Order in the Northern District Action.

   **DONE AND ORDERED** in Chambers in Miami, Florida, this 1st day of May, 2026.

 

_____
JACQUELINE BECERRA
UNITED STATES DISTRICT JUDGE

8