UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:26-cv-22257-JB/Torres

UNIDOSUS, et al.,

    *Plaintiffs*,

v.

CORD BYRD, in his official capacity as Florida
Secretary of State, et al.,

    *Defendants*.

_____/

### DEFENDANTS SECRETARY BYRD AND DIRECTOR KERNER'S
### UNOPPOSED MOTION TO CONSOLIDATE

Secretary of State Cord Byrd and Director of the Florida Department of Highway Safety and Motor Vehicles Dave Kerner ask this Court to consolidate Case Nos. 1:26-cv-22257-JB/Torres and 1:26-cv-23135-JB/Torres for the purpose of trial and timing of pleadings, hearings, and depositions and other discovery. No parties oppose consolidating the cases to this extent. Consolidation would promote judicial economy and the efficient resolution of the two cases. Secretary Byrd and Director Kerner provide the attached memorandum in support.

1

## MEMORANDUM OF LAW IN SUPPORT

### I.    Background

On April 1, 2026, Plaintiffs in Case No. 1:26-cv-22257-JB/Torres ("UnidosUS Plaintiffs") filed a complaint for declaratory and injunctive relief in the Southern District of Florida against the Secretary of State and the Supervisors of Elections for Broward, Miami-Dade, and Palm Beach Counties. 1:26-cv-22257, Doc.1 (S.D. Fla.). This action challenges provisions in newly enacted House Bill 991.

Later that day, the Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans ("NAACP Plaintiffs") challenged the same law in the Northern District of Florida. 4:26-cv-00147, Doc.1 (N.D. Fla.). NAACP Plaintiffs likewise seek declaratory and injunctive relief against HB 991. They're suing the Secretary, the Director of the Florida Department of Highway Safety and Motor Vehicles, and all of Florida's sixty-seven Supervisors of Elections.

On April 7, 2026, Secretary Byrd and Director Kerner filed a motion to transfer, consolidate, and align pleading deadlines. 1:26-cv-22257, Doc.45 (S.D. Fla.). The motion sought to transfer the Northern District action to the Southern District, consolidate the two cases, and align pleading deadlines.

That same day, Secretary Byrd and Director Kerner filed a motion to stay proceedings in the Northern District pending this Court's determination of the motion to transfer, consolidate, and align pleading deadlines. 4:26-cv-00147, Doc.18 (N.D. Fla.).

On April 13, 2026, Defendants Joe Scott, Alina Garcia, and Wendy Sartory Link, in their official capacities as Supervisors of Elections, joined the motion to transfer, consolidate, and align pleading deadlines. 1:26-cv-22257, Doc.54 (S.D. Fla.).

On April 15, 2026, NAACP Plaintiffs filed a response in opposition to the motion to stay in the Northern District. 4:26-cv-00147, Doc.33 (N.D. Fla.). Plaintiffs explained that they opposed staying proceedings, but that "NAACP Plaintiffs do not oppose transfer to the Southern District, consolidation for scheduling and trial purposes, or alignment of the pleading deadlines." Doc.33 at 1. They further stated that "NAACP Plaintiffs agree that judicial economy supports that the two cases be heard in the same Court on the same schedule. Consequently, NAACP Plaintiffs do not oppose State Defendants' motion to transfer to the Southern District. Nor do they oppose consolidating the two cases for scheduling and trial purposes, *see* Fed. R. Civ. P. 42(a)(1), pursuant to which the parties would be heard before the same Court on the same schedule while retaining separate dockets, records, and briefs." Doc.33 at 4-5. However, "NAACP Plaintiffs object to any consolidation that would erase the distinct character of the two lawsuits, in which one case would rise or fall based on the pleadings or evidence in the other, or in which the parties were otherwise required to file joint pleadings or briefs." Doc.33 at 5 n.2.

On April 20, 2026, UnidosUS Plaintiffs filed a response to the motion to transfer, consolidate, and align pleading deadlines confirming that "Plaintiffs do not oppose the requested relief." 1:26-cv-22257, Doc.56 at 1 (S.D. Fla.).

On May 1, 2026, this Court granted in part the motion to transfer, consolidate, and align pleading deadlines. 1:26-cv-22257, Doc.61 (S.D. Fla.). The Court granted the request to transfer under the first-filed rule. Doc.61 at 7-8. The Court also granted the request to align pleading deadlines. Doc.61 at 8. The Court denied without prejudice the request for full consolidation. Doc.61 at 8. The Court directed that any motion for consolidation be filed within fourteen days following transfer of the Northern District action. Doc.61 at 8.

3

On May 4, 2026, the Northern District transferred Case No. 4:26-cv-00147-MW-MAF to this Court. 4:26-cv-00147, Doc.54 (N.D. Fla.). The Northern District closed the case file. The transferred case is now Case No. 1:26-cv-23135-JB/Torres in this Court.

## II.      Argument

This Court should now consolidate the two cases. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42(a) 'is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Transpire Bio Inc. v. Lupin Inc.*, No. 25-61566-CIV, 2025 U.S. Dist. LEXIS 257015, at *3-4 (S.D. Fla. Oct. 23, 2025) (internal quotation removed) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). In deciding whether to consolidate, the court takes into account four factors:

> (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at *4 (citing *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)).

Both cases involve common factual and legal issues, namely, the effect of HB 991 on voter registration in Florida. All Plaintiffs are organizations involved in voter registration or that claim associational standing on the basis that their members will allegedly be burdened by HB 991. In Case No. 1:26-cv-23135, NAACP Plaintiffs state that "[f]or decades, Florida NAACP has engaged in statewide voter registration, public education, and advocacy to encourage civic and electoral

participation among its members and other voters." 1:26-cv-23135, Doc.1 at ¶ 16 (S.D. Fla.). Florida Alliance alleges that "Florida's DPOC requirement" will "burden the voting rights of the Florida Alliance's members and will frustrate the Florida Alliance's mission by making it more difficult for its members to cast their ballots." Doc.1 at ¶ 26. All Plaintiffs in Case No. 1:26-cv-22257 allege that they are similarly situated. For example, Plaintiff UnidosUS states that it is "a registered third-party voter organization ('3PVRO') in Florida that engages in extensive voter registration efforts, public education, and advocacy to encourage political participation among the communities it serves." 1:26-cv-22257, Doc.1 at ¶ 18 (S.D. Fla.). Plaintiffs are essentially in the same factual position. Moreover, all Defendants in Case No. 1:26-cv-22257 are also Defendants in Case No. 1:26-cv-23135.

As for the legal issues, both cases involve challenges to provisions in HB 991 under claims of undue burden on the right to vote and violation of the National Voter Registration Act. Because the cases involve substantially identical issues of law and fact, consolidation would impose less of a burden on parties, witnesses, and judicial resources. Consolidation would save time and expense by allowing for one trial as opposed to two. And since both cases have just begun, this isn't a situation where "the cases are at different stages of preparedness for trial." *Transpire Bio*, 2025 U.S. Dist. LEXIS 257015, at *4 (quotation removed). The Court has already aligned pleading deadlines, and all parties recently submitted a joint proposed briefing schedule. 1:26-cv-22257, Doc.62 (S.D. Fla.); 1:26-cv-23135, Doc.70 (S.D. Fla.). The joint proposed briefing schedule noted that "the parties agree to consolidation for the purpose of trial and timing of pleadings, hearings, and depositions and other discovery, while maintaining the separate identity of the two cases." 1:26-cv-22257, Doc.62 at 2 n.1 (S.D. Fla.); 1:26-cv-23135, Doc.70 at 2 n.1 (S.D. Fla.).

5

In fact, the first-filed rule anticipates that the overlapping actions will be consolidated. *See Perkins v. Am. Nat'l Ins. Co.*, 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action."); *Collegiate Lic. Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013) (the first-filed rule "establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated").

### III.    Conclusion

For the reasons above, this Court should consolidate Case Nos. 1:26-cv-22257-JB/Torres and 1:26-cv-23135-JB/Torres for the purpose of trial and timing of pleadings, hearings, and depositions and other discovery.

## <u>CERTIFICATE OF GOOD FAITH CONFERRAL</u>

Pursuant to Local Rule 7.1(a)(3) and the Court's order regarding procedures, I certify that Defendants' counsel has conferred with all parties in both cases in a good faith effort to resolve the issues presented. No parties oppose consolidation for the purpose of trial and timing of pleadings, hearings, and depositions and other discovery.

Respectfully submitted,

Dated: May 18, 2026

Ashley E. Davis (FBN 48032)
  General Counsel
Bilal A. Faruqui (FBN 15212)
  Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov
jenna.mclanahan@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Florida Secretary of State and Florida Department of Highway Safety and Motor Vehicles Director*

David Arthmann (FBN 50338)
  General Counsel
Jonathan Sanford (FBN 86400)
  Deputy General Counsel
FLORIDA DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES
Neil Kirkman Building
2900 Apalachee Parkway, A432
Tallahassee, FL 32399
(850) 617-3101
davidarthmann@flhsmv.gov
jonathansanford@flhsmv.gov
tracypowell@flhsmv.gov

## LOCAL RULE 7.1(c) CERTIFICATION

The undersigned certifies that the foregoing does not exceed twenty pages inclusive of all parts.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

## CERTIFICATE OF SERVICE

I certify that on May 18, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil