# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
### Case No. 1:26-cv-22257

UNIDOSUS; LEAGUE OF WOMEN VOTERS OF
FLORIDA, INC.; LEAGUE OF WOMEN VOTERS OF
FLORIDA EDUCATION FUND, INC.; FLORIDA RISING
TOGETHER; FLORIDA RISING, INC.; HISPANIC
FEDERATION; FLORIDA IMMIGRANT COALITION;
FLIC VOTES, INC.; COMMON CAUSE; and COMMON
CAUSE EDUCATION FUND,

*Plaintiffs,*

*v.*

CORD BYRD, in his official capacity as Florida Secretary
of State, JOE SCOTT, in his official capacity as Broward
County Supervisor of Elections, ALINA GARCIA, in her
official capacity as Miami-Dade County Supervisor of
Elections, and WENDY SARTORY LINK, in her official
capacity as Palm Beach County Supervisor of Elections,

*Defendants.*

_____/

## JOINT SCHEDULING REPORT

The parties met for their Rule 26(f) conference on April 28, 2026. Jonathan Topaz, John

A. Freedman, John Powers, Cesar Z. Ruiz, Caroline McNamara, and Sarah Brannon appeared

on behalf of Plaintiffs. Bilal A. Faruqui, Martin Christian Wolk, and Ashley Davis appeared on

behalf of Secretary of State Cord Byrd. Davona Alicia Reynold appeared for Joe Scott,

Supervisor of Elections for Broward County. Oren Rosenthal appeared for Alina Garcia,

Supervisor of Elections for Miami-Dade County. John Thomas LaVia III appeared for Wendy

Sartory Link, Supervisor of Elections for Palm Beach County.

## I.      DISCOVERY PLAN

Pursuant to Rule 26(f)(3) and Local Rule 16.1(b)(2), the parties discussed a discovery plan:

A. **Initial Disclosures:** Disclosures were made prior to the April 28, 2026, meet and conferral between Plaintiffs and Defendant Secretary of State.

B. **Case Timeline:**

    a. **Scope:** The parties agree that discovery may be needed on Plaintiffs' claims that H.B. 991 violates, or imposes an undue burden on, the right to vote under the First and Fourteenth Amendments to the U.S. Constitution. The parties recognize that the extent of discovery may contract or expand depending on developments during the course of litigation, including, but not limited to, the addition of new claims, parties, and/or the result of dispositive motions.

    b. **Timing:** The parties agree that the case warrants modification of the complex litigation track. Specifically, the parties propose adjustments to the complex litigation track given certain critical aspects of the legislation and the anticipated needs of litigation. The challenged provisions of H.B. 991 have an effective date of January 1, 2027, and the Plaintiffs anticipate the need for expert discovery based on data produced following that date regarding the implementation of the law. The Plaintiffs believe that such post implementation data will be important to inform the court on the impacts of H.B. 991. Accordingly, the parties set forth below their proposed discovery and trial schedule for the court's consideration.[1]

- All discovery must be concluded by May 14, 2027, except for expert discovery.

- Dispositive motions must be filed by June 14, 2027.

- Initial expert disclosures due June 30, 2027.

---

[1] The parties list dates relevant to expert discovery, dispositive motions and scheduling of trial initially. The rest of the report details the parties' positions as to other matters.

- Rebuttal expert disclosures due August 16, 2027.

- Trial set to begin October 4, 2027.

## II. OTHER PRE-TRIAL DEADLINES

### A. Motions to Join Additional Parties and Amended Complaints

The parties agree that motions to join additional parties and motions for amended complaints shall be filed by June 29, 2026.

### B. Mediation

The parties agree that the mediation deadline is May 21, 2027.

### C. Dispositive Pre-Trial Motions

The parties agree that they shall file dispositive pre-trial motions by June 14, 2027.

### D. Daubert and All Other Pretrial Motions and Memoranda of Law

The parties agree that the deadline for Daubert and all other pretrial motions and memoranda of law is August 30, 2027.

### E. Joint Pretrial Stipulation

The parties agree that the deadline for filing a joint pretrial stipulation is September 21, 2027.

## III. TRIAL SETTING AND CALENDAR CALL

### A. Trial Date

Trial is scheduled to commence during the two-week period beginning **Monday, October 4, 2027, at 9:30 a.m.** at the Wilkie D. Ferguson, Jr. Courthouse, 400 N. Miami Avenue, Courtroom 11-4, Miami, Florida 33128.

**B. Calendar Call**

**Tuesday, September 28, 2027, at 8:30 a.m.** at the Wilkie D. Ferguson, Jr. Courthouse, 400

N. Miami Avenue, Courtroom 11-4, Miami, Florida 33128.

### IV.    OTHER MATTERS

Pursuant to Local Rule 16.1(b)(2) the parties discussed the following issues:

A. **Likelihood of settlement:** The parties are open to the possibility of settlement, but agree
   that at this early juncture, settlement is not likely.

B. **Likelihood of appearance of additional parties:** It is possible that additional plaintiffs
   and defendants will be added. The parties remain in discussion about the timing of the
   addition of those additional parties.

C. **Proposed limits on the time:**

   **(i)**    **To join other parties and to amend the pleadings:** June 29, 2026, or 30 days
          after the first answer is filed by the last responding defendant.

   (ii)    **To file and hear motions:** The parties agree the deadline to file and hear Daubert
          and all other pretrial motions is August 30, 2027.

   **(iii)**   **To complete discovery:** The parties propose a May 14, 2027, deadline for all
          discovery except for expert discovery, as detailed in the parties' proposal.

D. **Proposals for:**

   a. **The formulation and simplification of issues, including the elimination of
      frivolous claims or defenses:** The parties will work to simplify the issues for
      trial.

   b. **The number and timing of motions for summary judgment or partial**

**summary judgment:** The parties propose Plaintiffs, collectively, be limited to one motion for summary judgment or partial summary judgment, Defendant Byrd be limited to one motion for summary judgment or partial summary judgment, and the Supervisor of Elections Defendants, collectively, be limited to one motion for summary judgment or partial summary judgment. The parties agree that the deadline to submit motions for summary judgment or partial summary judgment is June 14, 2027.

E. **The necessity or desirability of amendments to the pleadings:** Plaintiffs may determine that amendments to their complaint may be necessary. Defendants have not yet answered.

F. **The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:** The parties will work to obtain admissions of fact and of documents, ESI, and stipulations on authenticity. Advance rulings from the Court on the admissibility of evidence may be necessary to streamline each party's trial presentation.

G. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:** The parties will work to avoid unnecessary proof and cumulative evidence.

H. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:** The parties defer to this court's discretion on whether it would be appropriate to refer discovery matters to a magistrate judge or master. The parties agree that dispositive motions should not be referred to the magistrate judge.

I.  **A preliminary estimate of the time required for trial**: 5-8 days

J.  **Requested Date or Dates for**:

a.  **Conferences before trial:** none needed at this time

b.  **Final Pre-trial Conference:** The parties leave this date to the court's availability and discretion.

c.  **Trial:**

The parties agree, subject to the court's availability, that trial be set for October 4-13, 2027.

K.  **Any issues about:**

(i)    **Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced**: The parties remain in ongoing discussion regarding the need to preserve electronically stored information and shall apprise the court promptly of any necessary intervention should that need arise.

(ii)   **Claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:** The parties agree that the Court should issue an order under Federal Rule of Evidence 502 issues but are still discussing the specifics and shall apprise the court promptly of any necessary intervention should that need arise.

(iii)  **When the parties have agreed to use the ESI Checklist available on the Court's website, matters enumerated on the ESI Checklist:** The parties remain in ongoing dialogue regarding the use of the ESI Checklist.

**L. Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

The parties anticipate the need to exchange confidential information and evidence during the course of litigation. The parties remain in ongoing dialogue around the possibility of proposing a protective order to the court and will apprise the court of any agreement the parties reach regarding this subject matter.

<strong>V.     JOINT PROPOSED SCHEDULING ORDER</strong>

Pursuant to Local Rule 16.1(b)(3), the parties submit the following joint proposed scheduling order:

1. **Assignment of case to particular track:** Modified complex track.
2. **Detailed Discovery Schedule**
   a. **Initial Disclosures Due:** April 28, 2026
   b. **Initial expert disclosures due:** June 30, 2027
   c. **Rebuttal expert disclosures due:** August 16, 2027
   d. **Deadline for all discovery except for expert discovery:** May 14, 2027
   e. **Deadline for Dispositive Motions:** June 14, 2027
3. **Deadline to join additional parties and amend the pleadings:** June 29, 2026, or 30 days after the first answer is filed by the last responding defendant.
4. **Date certain for filing all pretrial motions:** _____.
5. **Date certain for resolution of all pretrial motions by the Court:** _____.
6. **Date certain for pretrial conference:** _____.
7. **Date certain for trial:** _____.

Dated: April 29, 2026

Respectfully submitted,

Sophia Lin Lakin*
Jonathan Topaz*
William Hughes*
Nina Nayiri McKay*
**American Civil Liberties
Union Foundation**
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
slakin@aclu.org
jtopaz@aclu.org
whughes@aclu.org
nmckay@aclu.org

Sarah Brannon*
**American Civil Liberties
Union Foundation**
915 15th Street NW
Washington, D.C. 20005
(740) 632-0671
sbrannon@aclu.org

John A. Freedman*
Rachel L. Forman (FBN 105347)
Jeremy Karpatkin*
Nicholas Casmier Anway*
Connor J. Morgan*
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Rachel.Forman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Nicholas.Casmier.Anway@arnoldporter.com
Connor.Morgan@arnoldporter.com

Jeffrey A. Miller*
**Arnold & Porter Kaye Scholer LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319-4500
Jeffrey.Miller@arnoldporter.com

/s/ Caroline McNamara
Caroline McNamara (FBN 1038312)
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, Florida 33134
(786) 363-2738
cmcnamara@aclufl.org
nwarren@aclufl.org
dtilley@aclufl.org

John Powers*
Hani Mirza*
Sonali Seth*
Nikole Miller (FBN 1031826)
Peter Ketcham-Colwill*
**Advancement Project**
1220 L Street NW, Suite 850
Washington, DC 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
sseth@advancementproject.org
nmiller@advancementproject.org
pketchamcolwill@advancementproject.org

Cesar Z. Ruiz*
Delmarie Alicea (FBN 1024650)
Jose Perez*
**Latino Justice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
dalicea@latinojustice.org
jperez@latinojustice.org

* *Admitted pro hac vice*

Eric Padilla (FBN 1044216)
**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street
New York, NY 10019
(212) 836-8000
Eric.Padilla@arnoldporter.com

*Attorneys for Plaintiffs*

Ashley E. Davis (FBN 48032)
  General Counsel
Bilal A. Faruqui (FBN 15212)
  Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov
jenna.mclanahan@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN TORCHINSKY &
JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, Florida 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Florida Secretary of State*

/s/ John T. LaVia, III
John T. LaVia, III
Florida Bar No. 0853666
GARDNER BIST KING & WOOD
1300 Thomaswood Drive
Tallahassee, Florida 32308
Telephone: (850) 385-0070
jlavia@gbkwlaw.com


*Counsel for Wendy Link, Supervisor of Elections for Palm Beach County*

/s/ Oren Rosenthal
Oren Rosenthal (FBN 86320)
 General Counsel
MIAMI-DADE COUNTY
SUPERVISOR OF ELECTIONS
2700 NW 87th Ave.
Miami, FL 33172
Telephone: (305) 499-8537
Oren.rosenthal@votemiamidade.gov


*Counsel for Alina Garcia, Supervisor of Elections for Miami-Dade County*

/s/ Adam Katzman
Adam Katzman
Florida Bar No. 652431
Devona A. Reynolds Perez
Florida Bar No. 70409
BROWARD COUNTY ATTORNEY
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: (954)357-7600
dreynoldsperez@broward.org
akatzman@broward.org


*Counsel for Joe Scott, Broward County Supervisor of Elections*