**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26-cv-22257-JB/Torres**

UNIDOSUS, et al.,

      *Plaintiffs*,

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,

      *Consolidated Plaintiffs*,

v.

CORD BYRD, in his official capacity as Florida
Secretary of State, et al.,

      *Defendants*.

_____/

## SECOND AMENDED JOINT SCHEDULING REPORT

Pursuant to Local Rule 16.1 and the Court's June 10, 2026, order, ECF No. 70, the parties

conferred regarding an amended joint scheduling report. The parties reached an agreement on the

following matters and respectfully submit this second amended joint scheduling report. A proposed

scheduling order is attached as **Attachment 1**.

**Discovery Plan (Federal Rule of Civil Procedure 26(f)(3))**

(A) **Changes in the timing, form, or requirement for disclosures under Federal Rule of Civil Procedure 26(a), including a statement of when initial disclosures were made or will be made:**

The UnidosUS Plaintiffs and Defendant Secretary Byrd made initial disclosures on April

28, 2026. A number of parties have made initial disclosures following the consolidation of Case

Nos. 1:26-cv-22257 and 1:26-cv-23135. Considering the consolidation of the two cases, the parties

agree that any party that has not made initial disclosures will make their initial disclosures by **July**

1

**3, 2026**. In addition, the UnidosUS Plaintiffs and Defendant Secretary Byrd agree to provide their initial disclosures to the parties in the consolidated case by **July 3, 2026**.

(B) **Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

The parties agree that discovery may be needed on the Plaintiffs' claims that House Bill 991 violates, or imposes an undue burden on, the right to vote under the First and Fourteenth Amendments to the United States Constitution. The parties recognize that the extent of discovery may contract or expand depending on developments during the course of litigation, including, but not limited to, the addition of new claims, parties, and/or the result of dispositive motions.

The parties agree that this case warrants modification of the **Complex Track**. Given the date of the second amended joint scheduling report on June 22, 2026, under the Complex Track trial would commence on November 1, 2027. The parties request that the date for trial be postponed one week to **November 8, 2027**. This case involves all Florida Supervisors of Elections as Defendants. Postponing trial one week to commence on November 8, 2027, would avoid holding trial during the week where some Supervisors of Elections are conducting municipal elections. The parties have aligned pretrial deadlines in the proposed scheduling order according to the timeframes in the Court's template proposed scheduling order based on a November 8, 2027, trial start date (except as explained below).

The parties propose adjusting the Complex Track given critical aspects of the legislation and the anticipated needs of litigation. The challenged provisions of HB 991 have an effective date of January 1, 2027, and the parties anticipate the need for expert discovery based on data produced following that date regarding the implementation of the law. The parties believe that such post-implementation data will be important to inform the Court on the impact of HB 991. Accordingly,

the parties propose that all discovery be completed on **May 10, 2027**, except for expert discovery. As for expert discovery, the parties propose the following schedule:

- Initial expert disclosures filed by **June 23, 2027**

- Rebuttal expert disclosures filed by **August 16, 2027**

- Reply expert reports/summaries filed by **August 30, 2027**

- Expert depositions completed by **September 13, 2027**

- Motions to exclude or limit proposed expert testimony (*Daubert* motions) filed by **September 20, 2027** (aligning with the deadline for non-dispositive pretrial motions)

**(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties remain in ongoing discussion regarding the need to preserve electronically stored information and will apprise the Court promptly of any necessary intervention should that need arise.

**(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502:**

The parties agree that the Court should issue an order under Federal Rule of Evidence 502 but are still discussing the specifics and will apprise the Court promptly of any necessary intervention should that need arise.

**(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:**

The parties agree that, before serving any discovery request, the Plaintiffs in the two consolidated cases will confer with each other in a good faith effort to avoid duplicative or overlapping discovery requests to the extent possible. The parties agree to work in good faith to

schedule one deposition of each witness. A party that seeks to depose a witness who has already been deposed in either of the consolidated cases must seek leave of court.

**(F) Any other orders that the Court should issue under Federal Rule of Civil Procedure 26(c) or under Federal Rule of Civil Procedure 16(b) and (c):**

The parties do not request any other orders under Federal Rule of Civil Procedure 26(c) or Federal Rule of Civil Procedure 16(b) and (c) at this time, other than what is specified elsewhere in this report.

**<u>Local Rule 16.1(b)(2)</u>**

**(A) The likelihood of settlement:**

The parties are open to the possibility of settlement, but agree that at this early juncture, settlement is not likely. The parties agree to a mediation deadline of **May 17, 2027**.

**(B) The likelihood of appearance in the action of additional parties:**

It is possible that additional plaintiffs and defendants will be added. All motions to join additional parties must be filed by **July 22, 2026**. ECF No. 65.

**(C) Proposed limits on the time:**

**(i) to join other parties and to amend the pleadings: July 22, 2026** (ECF No. 65)

**(ii) to file motions: July 9, 2027** (deadline to file dispositive motions); **September 20, 2027** (deadline to file *Daubert* and all other pretrial motions)

**(iii) to complete discovery: May 10, 2027** (all discovery except for expert discovery); **September 13, 2027** (expert discovery)

**(D) Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties will work to simplify the issues for trial. The parties propose that the UnidosUS Plaintiffs, collectively, be limited to one motion for summary judgment or partial summary

judgment; the NAACP Plaintiffs, collectively, be limited to one motion for summary judgment or partial summary judgment; Defendants Secretary Byrd and Director Kerner, collectively, be limited to one motion for summary judgment or partial summary judgment; and the Supervisor of Elections Defendants, collectively, be limited to one motion for summary judgment or partial summary judgment. The parties agree that the deadline for motions for summary judgment or partial summary judgment is **July 9, 2027**.

The parties request an adjustment to the response deadline for any motions for summary judgment, increasing that deadline from two weeks after the filing of any dispositive motions to three weeks. The parties believe that this slight modification would benefit both the parties and the Court given the complexity of the legal issues and the challenged provisions in question, and the importance of creating a full and clear factual record for the Court. This change would not require further deviation from the Complex Track or affect any other deadlines in the case apart from the reply deadline. With this adjustment, the deadline for responses in opposition to dispositive motions would be **July 30, 2027**, and the deadline for replies in support of dispositive motions would be **August 6, 2027**.

**(E) The necessity or desirability of amendments to the pleadings:**

The Plaintiffs may determine that amendments to their complaints are necessary. All motions to amend the complaints must be filed by **July 22, 2026**. ECF No. 65. In light of the Plaintiffs' intention to maintain separate identities, anticipation that the separate Plaintiff groups will continue to assert claims against different Defendants, and may raise different claims under the National Voter Registration Act (NVRA) in their amended complaints, the Plaintiffs will file separate pleadings and are generally not required to submit joint briefing in this case.

**(F) The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding**

**authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The parties will work to obtain admissions of fact and of documents and electronically stored information and stipulations on authenticity. Advance rulings from the Court on the admissibility of evidence may be necessary to streamline each party's trial presentation.

**(G) Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The parties will work to avoid unnecessary proof and cumulative evidence.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The parties defer to the Court's discretion on whether it would be appropriate to refer discovery matters to a Magistrate Judge or master. The parties agree that dispositive motions should not be referred to a Magistrate Judge or master.

**(I)  A preliminary estimate of the time required for trial:**

The parties estimate that trial will require **5 to 8 days**.

**(J)  Requested date or dates for:**

**(i) conferences before trial:** none needed at this time

**(ii) a final pretrial conference:** the parties leave this date to the Court's availability and discretion

**(iii) trial: November 8 to 18, 2027** (accounting for Veterans Day on November 11)

**(K) Any issues about:**

**(i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:** The parties remain in ongoing discussion regarding the need to preserve electronically stored information and will apprise the Court promptly of any necessary intervention should that need arise.

6

**(ii) claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert those claims after production—whether to ask the Court to include their agreement in an order under Federal Rule of Evidence 502:** The parties agree that the Court should issue an order under Federal Rule of Evidence 502 but are still discussing the specifics and will apprise the Court promptly of any necessary intervention should that need arise.

**(iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:** The parties remain in ongoing discussion regarding the use of the ESI Checklist.

(L) **Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

The parties anticipate the need to exchange confidential information and evidence during the course of litigation. The parties remain in ongoing discussion on the possibility of proposing a protective order to the Court and will apprise the Court of any agreement the parties reach regarding this matter.

Pursuant to Local Rule 16.1(b)(3) and the Court's order, a proposed scheduling order is attached as **Attachment 1**.

Respectfully submitted,                    Dated: June 22, 2026

Ashley E. Davis (FBN 48032)               David Arthmann (FBN 50338)
  General Counsel                            General Counsel
Bilal A. Faruqui (FBN 15212)              Jonathan Sanford (FBN 86400)
  Deputy General Counsel                     Deputy General Counsel
FLORIDA DEPARTMENT OF STATE               FLORIDA DEPARTMENT OF HIGHWAY SAFETY &
R.A. Gray Building                        MOTOR VEHICLES
500 South Bronough Street                 Neil Kirkman Building
Tallahassee, FL 32399                     2900 Apalachee Parkway, A432
(850) 245-6531                            Tallahassee, FL 32399
ashley.davis@dos.fl.gov                   (850) 617-3101
bilal.faruqui@dos.fl.gov                  davidarthmann@flhsmv.gov
jenna.mclanahan@dos.fl.gov                jonathansanford@flhsmv.gov
                                          tracypowell@flhsmv.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN TORCHINSKY &
JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com

*Counsel for Defendants Florida Secretary of State and Florida Department of Highway Safety and Motor Vehicles Director*


/s/ Robert C. Swain
Robert C. Swain
Deputy County Attorney
Florida Bar No. 366961
12 Southeast 1st Street
Gainesville, Florida 32601
Phone: (352) 374-5218/Fax: 374-5216
bswain@alachuacounty.us
CAO@alachuacounty.us

*Counsel for Defendant Kim Barton, Supervisor of Elections for Alachua County*


/s/ Susan S. Erdelyi
Susan S. Erdelyi (FBN 0648965)
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800

Jacksonville, Florida 32207
Telephone: 904-398-0900
serdelyi@marksgray.com

*Counsel for Defendants Chris Milton, Supervisor of Elections for Baker County, Nina Ward, Supervisor of Elections for Bay County, Amanda Seyfang, Supervisor of Elections for Bradford County, Sharon Chason, Supervisor of Elections for Calhoun County, Tomi Brown, Supervisor of Elections for Columbia County, Darbi Chaires, Supervisor of Elections for Dixie County, Heather Riley, Supervisor of Elections for Franklin County, Kenya Williams, Supervisor of Elections for Gadsden County, Rhonda Pierce, Supervisor of Elections for Gulf County, Laura Hutto, Supervisor of Elections for Hamilton County, Carol Dunaway, Supervisor of Elections for Jackson County, Travis Hart, Supervisor of Elections for Lafayette County, Janet Adkins, Supervisor of Elections for Nassau County, Charles Overturf, Supervisor of Elections for Putnam County, Tappie Villane, Supervisor of Elections for Santa Rosa County, Vicky Oakes, Supervisor of Elections for St. Johns County, William Keen, Supervisor of Elections for Sumter County, Jennifer Kinsey, Supervisor of Elections for Suwannee County, Dana Southerland, Supervisor of Elections for Taylor County, Joseph Morgan, Supervisor of Elections for Wakulla County, Ryan Messer, Supervisor of Elections for Walton County, Deidra Pettis, Supervisor of Elections for Washington County*

/s/ Frank M. Mari
Frank M. Mari
Florida Bar No. 93243
Tessitore Mari Scott, PLLC
1485 International Parkway, Suite 2031
Lake Mary, FL 32746
Telephone: (321) 363-1634
Facsimile: (321) 319-9095
Primary email: fmari@tessmari.com
Secondary email: ihaines@tessmari.com

*Counsel for Defendant Tim Bobanic, Supervisor of Elections for Brevard County*

/s/ Adam Katzman
Adam Katzman (FBN 652431)
Devona A. Reynolds Perez (FBN 70409)
BROWARD COUNTY ATTORNEY
115 South Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301
(954) 357-7600
dreynoldsperez@broward.org
akatzman@broward.org

*Counsel for Defendant Joe Scott, Supervisor of Elections for Broward County*

9

/s/ Andy Bardos
Andy Bardos (FBN 822671)
Shutts & Bowen LLP
215 South Monroe Street, Suite 804
Tallahassee, Florida 32301
Telephone: (850) 201-6269
abardos@shutts.com

*Counsel for Defendants Leah Valenti, Supervisor of Elections for Charlotte County, Melissa Blazier, Supervisor of Elections for Collier County, Leslie Rossway Swan, Supervisor of Elections for Indian River County, Alan Hays, Supervisor of Elections for Lake County, Jenna Persons-Mulicka, Supervisor of Elections for Lee County, Scott Farrington, Supervisor of Elections for Manatee County, Wesley Wilcox, Supervisor of Elections for Marion County, Sherri Hodies, Supervisor of Elections for Monroe County, Brian Corley, Supervisor of Elections for Pasco County, and Amy Pennock, Supervisor of Elections for Seminole County*

/s/ Dale A. Scott
Dale A. Scott, FBN 0568821
Tessitore Mari Scott, PLLC
1485 International Parkway, Suite 2031
Lake Mary, FL 32746
Telephone: (321) 363-1634
Fax: (321) 319-9095
dscott@tessmari.com

*Counsel for Maureen Baird, Supervisor of Elections for Citrus County*

/s/ John T. LaVia, III
John T. LaVia, III (FBN 0853666)
GARDNER BIST KING & WOOD
1300 Thomaswood Drive
Tallahassee, FL 32308
(850) 385-0070
jlavia@gbkwlaw.com

*Counsel for Defendants Chris Chambless, Supervisor of Elections for Clay County, Vicki Davis, Supervisor of Elections for Martin County, Mary Jane Arrington, Supervisor of Elections for Osceola County, Wendy Sartory Link, Supervisor of Elections for Palm Beach County, Melony Bell, Supervisor of Elections for Polk County, and Gertrude Walker, Supervisor of Elections for St. Lucie County*

/s/ Pausha Taghdiri
Pausha Taghdiri
Florida Bar No. 1002857
Roper, Townsend & Sutphen, P.A.
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: 407-897-5150
ptaghdiri@roperpa.com

*Counsel for Defendants Debbie Wertz, Supervisor of Elections for DeSoto County, Kaiti Lenhart, Supervisor of Elections for Flagler County, Lisa Darus, Supervisor of Elections for Gilchrist County, Karen Healy, Supervisor of Elections for Highlands County, Michelle Milligan, Supervisor of Elections for Jefferson Count, Grant Conyers, Supervisor of Elections for Liberty County, Heath Driggers, Supervisor of Elections for Madison County, and Deborah Osborne, Supervisor of Elections for Union County*

/s/ Tiffiny Douglas Pinkstaff
Tiffiny Douglas Pinkstaff (FBN 682101)
Chief, General Litigation
OFFICE OF GENERAL COUNSEL
CITY OF JACKSONVILLE
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: 904.255.5072
tpinkstaff@coj.net

*Counsel for Defendant Jerry Holland, Supervisor of Elections for Duval County*

/s/ Christi Jo Hankins
Christi Jo Hankins
BOCC Office of the County Attorney
221 Palafox Place, Suite 430
Pensacola, Florida 32502
(850) 595-4970
cjhankins@myescambia.com

*Counsel for Defendant Robert Bender, Supervisor of Elections for Escambia County*

/s/ Geraldo F. Olivo, III
Geraldo F. Olivo, III (FBN 0060905)
HENDERSON, FRANKLIN, STARNES
& HOLT, P.A.
1715 Monroe Street

11

Fort Myers, Florida 33905
Telephone: (239) 344-1168
jerry.olivo@henlaw.com

*Counsel for Defendants Aletris Farnum, Supervisor of Elections for Glades County, Diane Smith, Supervisor of Elections for Hardee County, Sherry Taylor, Supervisor of Elections for Hendry County, H. Russell Williams, Supervisor of Elections for Holmes County, Tammy Jones, Supervisor of Elections for Levy County, and David May, Supervisor of Elections for Okeechobee County*

/s/ Melissa A. Tartaglia
Melissa A. Tartaglia, Esq. (FBN: 116033)
MTartaglia@co.hernando.fl.us
cao@co.hernando.fl.us
Jon A. Jouben, Esq. (FBN: 149561)
JJouben@co.hernando.fl.us
20 North Main Street, Suite 462
Brooksville, Florida 34601
352-754-4122/fax 352-754-4001

*Counsel for Defendant Denise LaVancher, Supervisor of Elections for Hernando County*

/s/ Stephen M. Todd
Stephen M. Todd
FL Bar #0886203
Office of the County Attorney
Post Office Box 1110
Tampa, Florida 33601-1110
Telephone: (813) 272-5670
Fax: (813) 272-5758
ToddS@hcfl.gov

*Counsel for Defendant Craig Latimer, Supervisor of Elections for Hillsborough County*

/s/ Oren Rosenthal
Oren Rosenthal (FBN 86320)
2700 NW 87th Ave.
Miami, FL 33172
Telephone: (305) 499-8537
oren.rosenthal@votemiamidade.gov

*Counsel for Defendant Alina Garcia, Supervisor of Elections for Miami-Dade County*

12

/s/ Mark Herron
Mark Herron
Florida Bar No.: 0199737
Email: mherron@lawfla.com
mmoody@lawfla.com
statecourtpleadings@lawfla.com
MESSER, CAPARELLO, P.A.
P.O. Box 15579
Tallahassee, Florida 32317
Telephone: (850) 222-0720
Facsimile: (850) 224-4359

*Counsel for Defendant Mark Earley, Supervisor of Elections for Leon County*

/s/ Matthew R. Shaud
GREGORY T. STEWART
Florida Bar No. 203718
MATTHEW R. SHAUD
Florida Bar No. 122252
Nabors, Giblin & Nickerson, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
(850) 224-4070
(850) 224-4073 (Facsimile)
gstewart@ngnlaw.com
mshaud@ngnlaw.com
legal-admin@ngnlaw.com

*Counsel for Defendant Paul Lux, Supervisor of Elections for Okaloosa County*

/s/ Nicholas A. Shannin
Nicholas A. Shannin, BCS
Fla. Bar No.: 009570
SHANNIN LAW FIRM
214 S. Lucerne Cir. E., Suite 200
Orlando, Florida 32801
nshannin@shanninlaw.com
(407) 985-2222

*Counsel for Defendant Karen Castor Dentel, Supervisor of Elections for Orange County*

13

/s/ Jared D. Kahn
JARED D. KAHN
Florida Bar Number 105276
Senior Assistant County Attorney
Pinellas County Attorney's Office
315 Court Street, Sixth Floor
Clearwater, FL  33756
Phone: (727) 464-3354 / Fax: (727) 464-4147
Primary e-mail address: jkahn@pinellas.gov
Secondary e-mail address: eservice@pinellas.gov

*Counsel for Defendant Julie Marcus, Supervisor of Elections for Pinellas County*


/s/ Morgan Bentley
MORGAN R. BENTLEY, ESQ.
Florida Bar No. 0962287
mbentley@bgk.law
783 South Orange Ave., Suite 300
Sarasota, Florida 34236
Telephone: 941-556-9030

*Counsel for Defendant Ron Turner, Supervisor of Elections for Sarasota County*


/s/ Sarah Jonas
Sarah Jonas, Esq.
Assistant County Attorney
Fla. Bar No.: 115989
123 W. Indiana Avenue
DeLand, Florida 32720
(386) 736-5950
sjonas@volusia.org
vbustamante@volusia.org

*Counsel for Defendant Lisa Lewis, Supervisor of Elections for Volusia County*


Sophia Lin Lakin*
Jonathan Topaz*
William Hughes*
Nina Nayiri McKay*
**American Civil Liberties
Union Foundation**
125 Broad Street, 18th Floor

/s/ Caroline McNamara
Caroline McNamara (FBN 1038312)
Nicholas L.V. Warren (FBN 1019018)
Daniel B. Tilley (FBN 102882)
**ACLU Foundation of Florida**
4343 West Flagler Street, Suite 400
Miami, Florida 33134
(786) 363-2738

14

New York, NY 10004
(212) 549-2500
slakin@aclu.org
jtopaz@aclu.org
whughes@aclu.org
nmckay@aclu.org

Sarah Brannon*
**American Civil Liberties**
**Union Foundation**
915 15th Street NW
Washington, D.C. 20005
(740) 632-0671
sbrannon@aclu.org

John A. Freedman*
Rachel L. Forman (FBN 105347)
Jeremy Karpatkin*
Nicholas Casmier Anway*
Connor J. Morgan*
**Arnold & Porter Kaye Scholer LLP**
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
John.Freedman@arnoldporter.com
Rachel.Forman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Nicholas.Casmier.Anway@arnoldporter.com
Connor.Morgan@arnoldporter.com

Jeffrey A. Miller*
**Arnold & Porter Kaye Scholer LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319-4500
Jeffrey.Miller@arnoldporter.com

cmcnamara@aclufl.org
nwarren@aclufl.org
dtilley@aclufl.org

John Powers*
Hani Mirza*
Sonali Seth*
Nikole Miller (FBN 1031826)
Peter Ketcham-Colwill*
**Advancement Project**
1220 L Street NW, Suite 850
Washington, DC 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
sseth@advancementproject.org
nmiller@advancementproject.org
pketchamcolwill@advancementproject.org

Cesar Z. Ruiz*
Delmarie Alicea (FBN 1024650)
Jose Perez*
**Latino Justice PRLDEF**
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
cruiz@latinojustice.org
dalicea@latinojustice.org
jperez@latinojustice.org

Eric Padilla (FBN 1044216)
**Arnold & Porter Kaye Scholer LLP**
250 West 55th Street
New York, NY 10019
(212) 836-8000
Eric.Padilla@arnoldporter.com

*Admitted pro hac vice*

*Counsel for Plaintiffs UnidosUS, League of Women Voters of Florida, League of Women
Voters of Florida Education Fund, Florida Rising Together, Florida Rising, Hispanic
Federation, Florida Immigrant Coalition, FLIC Votes, Common Cause, and Common Cause
Education Fund*

15

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
Quinn B. Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
qritter@kbzwlaw.com

Christina A. Ford**
FL Bar No. 1011634
Nicole Wittstein*
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW, Suite 400
Washington, D.C. 20002
Telephone: (202) 968-4490
cford@elias.law
nwittstein@elias.law

Abha Khanna*
Walker McKusick*
ELIAS LAW GROUP LLP
1700 Seventh Ave., Suite 2100
Seattle, Washington 98101
Telephone: (206) 656-0177
akhanna@elias.law
wmckusick@elias.law

*Admitted pro hac vice*
**Admission pending*

*Counsel for Plaintiffs Florida State Conference of Branches and Youth Units of the NAACP and Florida Alliance for Retired Americans*

16

## CERTIFICATE OF SERVICE

I certify that on June 22, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil