**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-22257-JB**

UNIDOSUS, *et al*,

      Plaintiffs,

v.

CORD BYRD**,** in his official capacity
as Florida Secretary of State, *et al.*,

      Defendants.
_____/

**ORDER SETTING TRIAL, CALENDAR CALL,**
**PRETRIAL DEADLINES, AND PRETRIAL PROCEDURES**

This Court enters the following Order setting the trial in this matter and to establish pretrial deadlines and procedures.

**I.     TRIAL SETTING, CALENDAR CALL**

**Trial Date:**     Trial is scheduled to commence during the two-week period beginning **Monday, November 8, 2027, at 9:30 a.m.** at the Wilkie D. Ferguson, Jr. Courthouse, 400 N. Miami Avenue, Courtroom 11-4, Miami, Florida 33128.

**Calendar Call:**     **Tuesday, November 2, 2027, at 8:30 a.m.** at the Wilkie D. Ferguson, Jr. Courthouse, 400 N. Miami Avenue, Courtroom 11-4, Miami, Florida 33128.

**II.     PRETRIAL DEADLINES**

07/22/2026     All motions to join additional parties and amend the complaint must be filed.

05/10/2027     All fact discovery shall be completed.

05/17/2027     Mediation shall be completed.

1

| | |
|---|---|
| 06/23/2027 | Parties shall exchange a written list containing the names, addresses and summaries/reports of any <u>expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify. The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of the case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| 07/09/2027 | All dispositive pretrial motions and memoranda of law must be filed. |
| 07/30/2027 | All responses in opposition to dispositive pretrial motions must be filed. |
| 08/06/2027 | All replies in support of dispositive pretrial motions must be filed. |
| 08/16/2027 | Parties shall exchange a written list containing the names, addresses and summaries/reports of any <u>rebuttal expert</u> witnesses intended to be called at trial.  Only those expert witnesses listed shall be permitted to testify.  The summaries/reports shall include the information required by Fed. R. Civ. P. 26(a)(2): lists of the expert's qualifications to be offered at trial, publications and writings, style of case and name of court and judge in cases in which the expert has previously testified and the subject of that expert testimony, the substance of the facts and all opinions to which the expert is expected to testify, and a summary of the grounds for each opinion. |
| 08/30/2027 | Parties shall exchange any reply expert summaries/reports. |
| 09/13/2027 | All expert depositions shall be completed. |
| 09/20/2027 | All pretrial motions and memoranda of law, , as well as any motions to exclude or limit proposed expert testimony must be filed.  Any *Daubert* motion shall be accompanied by appropriate affidavits. |

| | |
|---|---|
| 10/26/2027 | Parties must file Joint Pretrial Stipulation, as set forth herein. |

**The Court has selected the trial date and dispositive motion deadline that the Parties proposed in their Joint Scheduling Report.  As such, the Court will not extend those deadlines absent extraordinary circumstances.**

**Further, a motion for continuance of the trial shall not stay or otherwise change any of the deadlines above.  Unless a true emergency situation arises, a motion for continuance will not be considered unless it is filed at least thirty days prior to the scheduled trial date.**

Compliance with all deadlines—whether set by Court order or under the Federal and Local Rules—is mandatory.  Requests for extensions of time, including unopposed motions, will only be granted by the Court upon an appropriate motion showing good cause why the deadline cannot be met.  Absent an emergency, motions for extensions of time must be filed **no later than three business days prior to the deadline** from which relief is being sought.  All requests for extensions of time must include (1) the conferral statement required under Local Rule 7.1 specifying what methods were used to confer; (2) a list of any prior motions for extension of time, the basis for those requests, and whether they were granted; (3) a specific statement regarding the circumstances necessitating the requested relief; (4) a specific period for the relief requested, and (5) a statement as to whether the request impacts the deadline to file a dispositive motion or trial date.

## III.    LOCAL RULES

Unless otherwise directed by this Order, the Court requires compliance with the Local Rules.  The filing of any motion, including motions for summary judgement, that are not in compliance with the Local Rules are subject to being stricken or denied.  The procedures below supplement the Local Rules.  This Order controls if the Local Rules conflict with any requirement herein or require different deadlines.

## IV.    DISCOVERY

The parties shall comply with the undersigned's discovery procedures, which are attached hereto.

## V.    MEDIATION

Mediation is required in accordance with the Local Rules and the deadline set forth above.  It is not necessary for the parties to file a motion requesting the Court to enter an order scheduling the mediation.  Instead, the parties are required to file a Notice

3

of Mediation with the name of the mediator and the date of the mediation at least thirty days before the mediation.  The parties shall notify the Court of the results of the mediation (e.g., settled, impasse, or adjourned to continue discussions) within two days of the conclusion of the mediation.

## VI.    FILING OF MOTIONS

All filings must be in a 12-point font and double spaced.  Single spacing is only permitted for footnotes.

The required conferral under Local Rule 7.1 must be by telephone or in person.  An e-mail conferral will only be permitted if counsel provided at least forty-eight hours for a response before the filing of the motion.

## VII.    TRIAL PROCEDURES

**Preparation of Pretrial Stipulation and Pretrial Conference:** Counsel and all *pro se* litigants must meet to confer on the preparation of a joint pretrial stipulation, which must be filed by the deadline set forth above.  The stipulation shall conform to Local Rule 16.1(e) and include a joint, neutral summary of the claims and defenses in the case, not to exceed one short paragraph per litigant claim, to be read as an introduction for *voir dire* examination.  The Court will not accept unilateral pretrial stipulations and will *sua sponte* strike any such submissions.

Any requests for daily copy trial transcripts must be made no later than seven days before the Calendar Call.  Those requests must be made by email to Vernita Allen-Williams at [vernita_allen-williams@flsd.uscourts.gov](mailto:vernita_allen-williams@flsd.uscourts.gov).

The Court will determine whether a pretrial conference is necessary.  Should a pretrial conference be set, the deadlines as set forth in this Order shall remain unaltered.

**Jury Instructions:**  The parties shall file a **joint set of proposed jury instructions** and a **joint proposed verdict form** by no later than **the Friday before Calendar Call**.  In preparing proposed jury instructions, the parties shall utilize as a guide the Pattern Jury Instructions for Civil Cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.  Instructions and questions proposed only by the plaintiff(s) to which the defendant(s) object shall be *italicized*. Instructions and questions proposed only by the defendant(s) to which the plaintiff(s) object shall be **boldfaced**.  Each jury instruction shall be typed on a separate sheet and must be supported by citations of authority.  Each disputed jury instruction shall also state the legal basis for the objection(s) with citations to authority.  A Word version copy of the joint proposed

jury instructions and verdict form or the proposed findings of fact and conclusions of law shall be e-mailed to becerra@flsd.uscourts.gov at the time of filing.

**Instructions Regarding the Use of Depositions at Trial**:  If deposition transcripts will be used at trial, the parties shall comply with the following guidelines.  At least **twenty-eight (28) days** in advance of the Calendar Call, a party seeking to use a deposition in its affirmative case shall serve a copy of such designations.  **Five (5) days** after receipt of the designations, the opposing party shall serve its counter-designations, together with any objections.  **Five (5) days** after receipt of the counter designations, the moving party shall serve its objections to the counter-designations.

No later than seven days before the Calendar Call, the parties shall prepare and **jointly file** one transcript for each deposition to be used during trial.  The parties shall edit the transcript, using a mini-transcript when available, to remove all irrelevant, extraneous and unnecessary pages.  Each portion of the testimony designated shall be bracketed to indicate beginning and end.  A notice of filing setting forth each party's designated testimony by line and page, and setting forth all objections, shall be filed with the transcript.  In addition to listing objections in the notice of filing, the objections shall also be indicated in the margin of the transcript.  The parties may either write their objections in the margins or use logical abbreviations that will be apparent to the Court and other parties (for example "H" for hearsay).  If the parties use abbreviations, the notice of filing must include a key for the Court's reference.  A courtesy copy of the notice and transcript shall be delivered to chambers at the time of filing.  Each party shall mark the courtesy copy of the transcript with a different color ink or highlighter to identify its designated portions of the transcript.

**Voir Dire:**  The Court will provide each prospective juror with a brief questionnaire prior to the commencement of questioning in the courtroom.  Any party may submit proposed, case-specific questions for the Court's consideration.  The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation.  The Court will not permit back striking of jurors.

**Trial Witnesses:**  Counsel must provide to opposing counsel, no later than 12:00 p.m., the names of the witnesses who will be called the following day.  If this

procedure is violated, the Court may preclude a witness from testifying at the time counsel intended.

**NON-COMPLIANCE WITH ANY PROVISION OF THIS ORDER MAY SUBJECT THE OFFENDING PARTY TO SANCTIONS OR DISMISSAL.**

**DONE AND ORDERED** in Miami, Florida, this 10th day of July, 2026.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

## DISCOVERY PROCEDURES
## FOR DISTRICT JUDGE JACQUELINE BECERRA

### I.   DISCOVERY DISPUTES

**A.  Pre-Hearing Communication:**  If a discovery dispute arises, Counsel must confer (in person, by videoconference, or by telephone) and engage in a genuine effort to resolve the discovery dispute before seeking Court intervention. Conferring by email is ***not*** sufficient.  The Court expects all parties to engage in reasonable compromise to facilitate the resolution of discovery disputes.

**B.  Timeliness:**  Discovery disputes must be timely raised as required by Local Rule 26.1(g)(1).  The Court strictly enforces Local Rule 26.1(g)(1) and interprets the thirty-day window as the opportunity during which good faith resolution efforts must be made (subject to the seven-day extension permitted by the Rule). Unapproved extensions agreed to by the parties shall not be recognized.  The Court also enforces Local Rule 26.1(d) requiring that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff.  Under Local Rule 26.1(d), no Court intervention or remedy will be available to either party after the cutoff date.

### II.   DISCOVERY HEARING PROCEDURES

**A.  No Written Motions:**  Except as provided below, discovery disputes shall not be raised by filing discovery motions under Federal Rule of Civil Procedure 37. No written discovery motions, including motions to compel and motions for protective order, shall be filed unless requested by Judge Becerra.  Any motion filed in contravention of these procedures will be stricken by the Court.

**B.  Setting A Discovery Hearing:**  After a good faith conferral as outlined above, the party seeking to enforce a discovery obligation or obtain protection from such an obligation ("the moving party") shall set the matter for hearing as follows.  The moving party shall send an email to the Chambers of Judge Becerra (becerra@flsd.uscourts.gov), with copy to opposing counsel and within the time frame provided by Local Rule 26.1(g)(1), providing at least three mornings or afternoons when both counsel are available for a hearing on the discovery issue. The email subject line shall be "Request for Discovery Hearing on [Case Name and Case Number]."  Dates provided to the Court shall be within seven (7) business days from the date of the email to Chambers, as the Court endeavors to set the hearing as expeditiously as possible.

Ordinarily, the Court allows for thirty minutes for a discovery hearing.  If the matter requires additional time, counsel should note that in the email to Chambers.

No argument or background about the dispute is permitted by e-mail.

All discovery hearings are in person hearings.

Counsel should be mindful that this is not an informal procedure, such that Counsel should be fully prepared to address the Court on the issues raised.

This restriction on filing motions does not apply to motions to stay discovery altogether or to motions seeking additional time or changes to the discovery deadlines.  Those motions are to be filed on the docket for the Judge's consideration.

C. **Notice of Hearing:**  Within twenty-four hours of the Court confirming the date and time for the discovery hearing, the moving party shall file a Notice of Hearing that notes the discovery matters to be heard (i.e., "the parties dispute the appropriate time frame for Plaintiff's Interrogatory Nos. 1, 4–7 and 10"). The Notice of Hearing shall include a certificate of conferral that fully complies with Local Rule 7.1(a)(3).  The Notice should not include any argument; it should simply state the subject of the dispute.

As Exhibit A to the Notice of Hearing, the moving party shall submit a short Proposed Order on the issues raised, setting forth the specific relief requested by the moving party.

As Exhibit B to the Notice of Hearing, the moving party shall submit a copy of all source materials relevant to the discovery dispute (for example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto should be provided).

Any materials upon which the nonmoving party intends to rely must be filed as Exhibit C to the Notice of Hearing.

In the event that the parties intend to rely (for non-routine issues) on authorities during the Discovery Hearing, a listing of those authorities as well as a copy of the authorities must be submitted as Exhibit D to the Notice of Hearing.  This Notice of Authorities may not contain argument.

The parties are not to file or otherwise submit copies of email communication between counsel.  The Court does not consider e-mail communication as evidence of conferral, nor are counsel's communications evidence for the

Court's consideration.  Any communication between counsel that is relevant can be addressed orally during the hearing.

If more than one party is seeking to enforce a discovery obligation during the same hearing, separate Notices (i.e., Plaintiff's Notice of Hearing, or Defendant's Notice of Hearing) should be filed on behalf of each party.

D. **Modification of Issues to Be Heard and Cancellation of Hearing:**  The parties shall notify Chambers via email at becerra@flsd.uscourts.gov as soon as practicable if they resolve some or all of the issues in dispute.  If all the issues cited in the Notice of Hearing have been resolved, the parties must contact Chambers by email and phone, and must file a Notice of Cancellation. If only some of the issues have been resolved, the parties should amend the Notice of Hearing.  If the parties resolve all the issues in dispute within twenty-four (24) hours of the time and date of the hearing, they are to contact Chambers by email before filing a Notice of Cancellation.  Chambers will advise the parties whether a Notice of Cancellation may be filed or whether counsel will nevertheless be required to appear before the Court.

E. **Agreed Or Stipulated Confidentiality Orders:**  If the parties have agreed to the entry of a confidentiality order with respect to the exchange of certain discovery materials, the parties shall not file a motion for entry of the order. Instead, counsel shall email Chambers a copy of the proposed order in Word format, with a statement that the parties have agreed to entry of the proposed order.  If the Court enters an order that differs from the proposed order and the parties have an objection to the order as entered, they must follow the procedures for setting a Discovery Hearing so that the objection(s) may be heard by the Court without the need for the filing of a motion.

The Court does not enter agreed orders extending the due date for discovery responses, nor does the Court enter orders memorializing discovery agreements between the parties that were not otherwise litigated before the Court.

F. **Imposition of Sanctions:**  The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification.  *See* Fed. R. Civ. P. 37.

G. **Attorneys' Fees and Costs:**  If a party is seeking attorneys' fees and costs in connection with the discovery dispute that is set for hearing, it should be prepared to argue the basis for entitlement, as well as the amount of attorneys' fees and costs, at the hearing.  *See* Fed. R. Civ. P. 37.