# Exhibit 1



**1700 Seventh Ave, Suite 2100 | Seattle, WA 98101**

April 1, 2026

**VIA U.S. AND ELECTRONIC MAIL**

Secretary of State Cord Byrd
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399
SecretaryofState@dos.fl.gov

**RE: Notice of Noncompliance with the National Voter Registration Act**

Dear Secretary Byrd,

Pursuant to 52 U.S.C. § 20510(b), we write on behalf of the Florida State Conference of Branches and Youth Units of the NAACP ("Florida NAACP") and the Florida Alliance for Retired Americans ("Florida Alliance") to inform you that Florida House Bill 991—which was signed into law on April 1, 2026 and will take effect on January 1, 2027—violates Sections 5, 6, 7, 8, and 9 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501 *et seq.* This letter serves as notice that the Florida NAACP and Florida Alliance will bring a lawsuit to address these violations if they are not promptly corrected.

Under HB 991, both prospective voters and existing voters will be required to provide documentary proof of citizenship (DPOC) to either become registered to vote or to remain a registered voter unless their citizenship status can be affirmatively verified with the Florida Department of Highway Safety and Motor Vehicles ("Florida DMV") or another available government database. As described below, the NVRA limits the documentation that states may require voters to produce to be eligible to vote in federal elections, and it further limits the documentation that states may require even on their own state forms. HB 991's DPOC requirement violates those limits in several ways.

I.      **The DPOC requirement violates Sections 5, 6, and 7 of the NVRA.**

The NVRA requires states—including Florida—to offer citizens the opportunity to register to vote (1) when they apply for (or apply to renew) a driver's license or other identification document at a state motor vehicle authority, *see* 52 U.S.C. § 20504; (2) when they register to vote using the federal mail voter registration application form or a substantially equivalent state form, *see id.* § 20505; and (3) when they register to vote at certain offices that the state designates as "voter registration agencies," including all public assistance agencies and agencies that primarily provide services to people with disabilities, *see id.* § 20506.

In each case, the NVRA limits the documentation that a state may require for registration. And as applied to each of these circumstances, HB 991's DPOC requirement violates those limits.

### a. Voter Registration at Motor Vehicle Authorities

Section 5 of the NVRA provides that "[e]ach State motor vehicle driver's license application (including any renewal application) submitted to the appropriate State motor vehicle authority under State law shall serve as an application for voter registration with respect to elections for Federal office unless the applicant fails to sign the voter registration application." 52 U.S.C. § 20504(a)(1). This application "may require only the minimum amount of information necessary to . . . enable State election officials to assess the eligibility of the applicant." *Id.* § 20504(c)(2)(B)(ii).

HB 991's requirement that prospective voters produce DPOC to successfully register to vote if their citizenship status cannot be verified through existing government records violates Section 5 because such documentation is not "necessary" to assess such voters' eligibility. Consistent with the NVRA, your office already requires prospective voters to attest that they are U.S. citizens and sign the attestation under penalty of perjury. *See id.* § 20504(c)(2)(C); Fla. Stat. § 97.053(5)(a)(4), (8).

The State of Florida has not—and cannot—establish that the attestation requirement is inadequate to ensure that only citizens vote. *See Fish v. Kobach*, 840 F.3d 710, 737, 739 (10th Cir. 2016) (finding that Congress made the attestation requirement the "presumptive minimum amount of information necessary for a state to carry out its eligibility-assessment," and that to rebut that presumption, a state would have to show that "a substantial number of noncitizens ha[d] successfully registered" despite that requirement); *cf. Mi Familia Vota v. Fontes*, 129 F.4th 691, 719 (9th Cir. 2025) (documentary-proof-of-citizenship requirement in Arizona was not "necessary" to verify eligibility under Sections 6 and 9 of the NVRA because attestation was sufficient to confirm prospective voters' eligibility), *petitions for cert. pending sub nom. Republican Nat'l Comm. v. Mi Familia Vota*, Nos. 25-1017, 25-1019, 25-1022 (U.S. Feb 24, 2026). For that reason, Florida cannot require voters who register at the DMV to provide DPOC.

For the same reason, Florida likewise cannot, consistent with Section 5 of the NVRA, impose HB 991's DPOC requirement on voters who have previously registered through the Florida DMV. Specifically, HB 991 requires that your office "shall identify those registered voters who are potentially ineligible" noncitizens by comparing voter rolls with other governmental sources, including the Florida DMV database. And if this process produces "credible" information that a voter "may be ineligible," HB 991 further requires the voter's Supervisor of Elections to notify the voter they must provide DPOC or else be removed from the rolls. These procedures on their face apply to *all* registered voters and carve out no exception for applicants who have registered through the Florida DMV. HB 991 is thus straightforwardly preempted as to registered voters who previously registered at the DMV.

2

**b.   Voter Registration by the Federal Form or Equivalent State Form**

HB 991 also violates Section 6 of the NVRA, in at least two ways.

*First*, HB 991 violates the requirement that States "accept and use" the federal mail voter registration form (the "Federal Form") developed by the U.S. Election Assistance Commission. 52 U.S.C. § 20505(a)(1). To comply with this directive, a State cannot "requir[e] a Federal Form applicant to submit information beyond that required by the form itself." *Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1, 20 (2013). Section 9 of the NVRA sets parameters for the Federal Form, including that the form may require only the minimum information necessary to assess the voter's eligibility. 52 U.S.C. § 20508(b)(1). Although the Federal Form requires voters to attest that they are citizens under penalty of perjury, *id.* § 20508(b)(2), it does not require applicants to submit documentary proof of citizenship.

Under the NVRA, Florida cannot impose HB 991's DPOC requirement on voters who have previously registered using the Federal Form or will do so in the future. Yet as described above, the obligation HB 991 imposes on your office to identify registered voters for whom the state does not currently have DPOC on file, and require those voters to provide DPOC or else face removal, applies on its face to *all* existing voters, including those who previously registered using the Federal Form. And HB 991's requirement that new registrants likewise provide DPOC if such documentation is not already on file also fails to carve out any exception for applicants who will register using the Federal Form. HB 991 is thus straightforwardly preempted as to Federal Form applicants—new and old.

*Second*, although Section 6 allows a State to develop and use its own mail-in voter registration form (the "state form"), which need not *mirror* the Federal Form, requiring documentary proof of citizenship to successfully register to vote still violates the NVRA. A state form under Section 6 must still "meet[] all of the [NVRA Section 9] criteria" for the Federal Form—including that the form require only the information "necessary to enable the appropriate State election official to assess the eligibility of the applicant." *Id.* § 20505(a)(2). HB 991's DPOC requirement, as applied to both past and future state form applicants, violates this rule because providing such documentation is not "necessary" to assess prospective voters' eligibility. As described above, voters already must attest that they are citizens under penalty of perjury, and substantial evidence shows that this attestation has meaningfully safeguarded Florida elections against voter fraud. *See Mi Familia Vota*, 129 F.4th at 719 (documentary-proof-of-citizenship requirement in Arizona was not "necessary" because attestation sufficiently confirmed prospective voters' eligibility). Indeed, in its latest report, the Office of Election Crimes and Security announced it has identified only 198 *possible* noncitizen registered voters—only a fraction of whom have allegedly voted in any recent elections. These 198 individuals represent a mere 0.001% of Florida's *13 million* voters.

HB 991 is thus preempted insofar as it requires state form applicants to present DPOC to perfect a new registration, or else requires existing registered voters who utilized the state form to present DPOC to remain an active voter.

3

### c.   Voter Registration at "Voter Registration Agencies"

Section 7 of the NVRA requires offices designated as "voter registration agencies" to offer prospective voters either the Federal Form or the office's own form, so long as it is "equivalent" to the Federal Form. 52 U.S.C. § 20506(a)(6)(A)(ii); *see also Mi Familia Vota*, 129 F.4th at 713. A form that requires additional information beyond the Federal Form's requirements—like documentary proof of citizenship—is not "equivalent" to the Federal Form. *See Mi Familia Vota*, 129 F.4th at 713.

HB 991 on its face modifies the procedures required before any Supervisor of Elections may "place [*any*] applicant's name on the registration rolls as an active voter," including those provided at designated voter registration agencies. If a voter submits an application through a voter registration agency, but their citizenship status cannot be verified through existing government records, they will receive a notice from their Supervisor that they must provide DPOC or face removal. Because these voters' registrations are not complete without providing DPOC, no form provided to voters through a voter registration agency is "equivalent" to the Federal Form. For that reason, HB 991 violates Section 7 of the NVRA, as well.

## II.   The DPOC requirement violates Section 8 of the NVRA.

Section 8 of the NVRA sets forth additional requirements that States must follow when administering voter registration for federal elections. Its first and most basic requirement is that States must "ensure that any eligible applicant is registered to vote in an election" within a certain timeframe, depending on how they submitted their application. 52 U.S.C. § 20507(a)(1).

HB 991 makes clear that the Supervisors of Elections may not "place [any] applicant's name on the registration rolls as an active voter" until the applicant's citizenship is affirmatively verified—either through existing government records, or else through documentary proof of citizenship. For the reasons described above, Florida cannot lawfully mandate that applicants provide documentary proof of citizenship to prove their eligibility to vote—*at least* in federal elections. The existing attestation requirement is sufficient for that purpose, and the State has produced no evidence to suggest otherwise. Thus, any failure to "place" an otherwise eligible applicant "on the registration rolls as an active voter" simply because they have not submitted documentary proof of citizenship is a violation of Section 8.

\*      \*      \*

If Florida or any of its local jurisdictions enforce HB 991 in the manner described above, Florida will violate Sections 5, 6, 7, 8, and 9 of the NVRA. This letter constitutes written notice, as required by 52 U.S.C. § 20510(b)(1), that if these violations are not promptly corrected, the Florida NAACP and the Florida Alliance intend to bring a lawsuit in federal court and seek reasonable attorneys' fees, including litigation expenses and costs.

4

Sincerely,

*/s/ Abha Khanna*
Abha Khanna
Walker McKusick
**ELIAS LAW GROUP**
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
akhanna@elias.law
wmckusick@elias.law

Christina Ford
Nicole E. Wittstein
**ELIAS LAW GROUP LLP**
250 Massachusetts Avenue NW, Suite 400
Washington, D.C. 20002
cford@elias.law
nwittstein@elias.law
Tel: (202) 968-4652

*Counsel for Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans*