# Exhibit 6

ELECTRONICALLY FILED
2025 Nov 12 PM 3:28
CLERK OF THE DOUGLAS COUNTY DISTRICT COURT
CASE NUMBER:  DG-2025-CV-000206
PII COMPLIANT

**IN THE DISTRICT COURT OF DOUGLAS COUNTY, KANSAS**

| | | |
|---|---|---|
| KANSAS APPLESEED CENTER FOR LAW AND JUSTICE, INC., ET AL., | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Case No. DG-2025-CV-000206 |
| SCOTT SCHWAB, in his official capacity as the Kansas Secretary of State; and JAMIE SHEW, in his official capacity as DOUGLAS COUNTY CLERK, | ) ) ) ) ) | |
| *Defendants,* | ) ) | Division 7 |
| REPUBLICAN NATIONAL COMMITTEE, | ) ) ) | |
| *Proposed Intervenor-Defendant.* | ) ) | |

**<u>Order Denying Republican National Committee's Motion to Intervene</u>**

This matter comes before the Court on the motion of the Republican National Committee (RNC) to intervene as a Defendant in this case, under K.S.A. 60-224(a)(2) and K.S.A. 60-224(b)(1)(B). No party has asked the Court to set this matter for an evidentiary hearing or for oral argument. Thus, the Court rules on the motion under Rule 133.[1] For the reasons stated below, the Court denies the RNC's motion to intervene.

---

[1] In an email to the Court on November 6, 2025, when asked whether this issue needed to be set for a hearing, the RNC replied that the issue was ready for the Court to decide under Rule 133. There was no objection to this approach from the Plaintiffs.

1

<u>Discussion</u>

**I.      The RNC lacks a right to intervene under K.S.A. 60-224(a)(2).**

The RNC argues that it is entitled to intervene as a matter of right under K.S.A. 60-224(a)(2). The right to intervene under K.S.A. 60–224(a) depends on the concurrence of (1) a timely application, (2) a substantial interest in the subject matter, and (3) a lack of adequate representation of the intervenor's interests. *Montoy v. State*, 278 Kan. 765, 767–68, 102 P.3d 1158 (2005).

Kansas courts liberally construe the provisions of K.S.A. 60–224(a) in favor of intervention, especially when intervention is necessary to protect some right that would otherwise be unprotected. *Frey, Inc. v. City of Wichita*, 11 Kan. App. 2d 116, 117, 715 P.2d 417 (1986). But "[w]ithout a showing of inadequate representation, there can be no concurrence of the three factors" requiring intervention as a matter of right. *Montoy,* 278 Kan. at 768.

As to the first factor, the RNC's application to intervene is timely.

As to the factor of its substantial interest in the subject matter, the RNC argues that it has an interest in the integrity of elections and in voter turnout, which it believes will increase by improving Republican voters' confidence in the election. The RNC separately argues that it has "an interest in Republican candidates winning." RNC Memorandum, at 9. And thus, it should be allowed to defend the law in this case that would allegedly help Republican candidates by discounting mail-in votes received after Election Day. The RNC also alleges that it has an interest in upholding the persuasive effect of its litigation victory in

2

*Republican National Committee v. Wetzel*, 120 F.4th 200 (5th Cir. 2024). Lastly, it alleges that it has an interest in its mission and where to dedicate organizational resources, which may change if this Court enjoins Kansas's ballot deadlines. RNC Memorandum, at 10.

Plaintiffs argue that the RNC has no legally protectable interest that would be substantially impaired by making voting easier. Plaintiffs' Opposition to Motion to Intervene, at 6–7. Specifically, Plaintiffs argue that they seek to protect all Kansas voters from having their ballots rejected—including those who support Republican candidates. *Id.*, at 7. Plaintiffs further argue that "[t]here is no legally cognizable interest in suppressing the votes of political opponents[,]"and that the RNC's interest in spending its resources effectively also is not threatened by this lawsuit. *Id.* Plaintiffs also argue that the RNC's alleged interests are not the type of direct, significant, and legally protectable interests that justify intervention. *Id.*, at 10.

Importantly, Plaintiffs next argue that the existing Defendants adequately represent the RNC's claimed interests. *Id.*, at 11–15. This argument is key to the Court's analysis.

The Kansas Supreme Court held in *Montoy* that this last intervention factor—a showing of inadequate representation by existing parties—can control the outcome of the analysis. 278 Kan. at 767–68. Without a showing of inadequate representation by the current Defendants, there can be no concurrence of the three factors requiring intervention as a matter of right. *Id.*

3

For this reason, the Court need not decide the substantive value of the RNC's interest in a statute that nullifies otherwise-lawful mail-in ballots received after Election Day—if the RNC's interests are adequately represented by the Defendants, who are already in the case.

The RNC argues that as the party opposing intervention, Plaintiffs bear "the burden of showing the applicant's interest is adequately represented by the existing parties." *McDaniel v. Jones*, 235 Kan. 93, 106, 679 P.2d 682 (1984). In contrast, Plaintiffs cite *Montoy*, in which the Supreme Court placed the burden to prove inadequate representation on the intervenor. *See* 278 Kan. at 768.

Plaintiffs argue that "the RNC fails to identify even a *single* decision from a Kansas court allowing a private party to intervene to defend a state law where the law was already being defended by a state defendant." Plaintiffs' Opposition to Motion to Intervene, at 11 (emphasis in original).

Indeed, Kansas law tasks the Kansas Attorney General, when required by the Governor or either branch of the Legislature, with defending suits in which the "constitutionality of any law of this state is at issue[.]" K.S.A. 75-702(b). Here, the Attorney General is actively defending the law in question on behalf of the Kansas Secretary of State. Solicitor General Anthony Powell entered his appearance and appeared in federal court in this case. And Kansas Attorney General Kris Kobach has been listed as counsel for Secretary Schwab, as have numerous outside counsel. The Secretary and the Attorney General are thus actively defending the constitutionality of the election law at issue.

4

The Secretary of State and the Attorney General adequately represent the interests of the State in defending this law. There is no indication of collusion between State Defendants and Plaintiffs, nor is there any indication that the Defendants have an interest adverse to the applicant or that the Defendants are failing to represent the applicant's interest. *See, e.g., Hukle v. City of Kansas City,* 212 Kan. 627, 512 P.2d 457 (1973) (when the City dismissed its appeal from the trial court's unfavorable zoning determination, the neighboring landowners were thereafter inadequately represented and should have been allowed intervention as of right). Thus, it does not appear that intervention is necessary to protect some right of the RNC that would otherwise be unprotected.

The RNC claims that no other party can advance its "advance its own partisan objectives." But courts presume adequate representation when the governmental defendant and the proposed intervenor have the same ultimate objective. *See, e.g., Tri-State Generation & Transmission Ass'n, Inc. v. New Mexico Pub. Regul. Comm'n*, 787 F.3d 1068, 1072–73 (10th Cir. 2015) ("Even though a party seeking intervention may have different ultimate motivations from the governmental agency, where its objectives are the same, we presume representation is adequate.") (cleaned up); *see also Ternes v. Galichia*, 297 Kan. 918, 921, 305 P.3d 617 (2013) (because the Kansas intervention statute is patterned after Fed. R. Civ. P. 24(a)(2), federal decisions interpreting Rule 24 may serve as persuasive guidance for interpreting and applying Kansas procedural statutes).

5

Here, although the Secretary and the Attorney General may not "share the RNC's unique interests in helping Republican candidates and voters, and in defending federal court precedent[,]" the Secretary and the Attorney General have the same ultimate objective of the RNC of defending the constitutionality of the election law at issue. In other words, the RNC's interests are adequately represented by the Secretary of State and the Attorney General.

Thus, regardless of whether the burden is on the non-State intervenor (RNC) or on the parties opposing intervention (Plaintiffs), this Court finds that the RNC's interests in defending the election law are adequately represented by the Secretary of State and the Attorney General. And without a showing of inadequate representation by the Defendants, "there can be no concurrence of the three factors" to require intervention as a matter of right. *See Montoy*, 278 Kan. at 767–68.

For this reason, the Republican National Committee's motion to intervene as a matter of right under K.S.A. 60-224(a)(2) is denied.

## II. The Court denies RNC's motion for permissive intervention under K.S.A. 60-224(b)(1)(B).

In the alternative, the RNC requests permissive intervention under K.S.A. 60-224(b)(1)(B). The Court also denies this request.

In part, the RNC argues that it brings to "these cases" "a perspective that other parties will not because they don't represent the interests of Republicans." But despite the RNC's openly partisan motives, the RNC seeks to defend the constitutionality of the election law at issue—similar to the Secretary of State and

6

the Attorney General. The RNC has not articulated any specific litigation interest (a claim or defense, or an articulable right) that is different from the State Defendants that are already in this case.

This case already includes multiple Plaintiffs and multiple State Defendants, as well as a request for an expedited case-management schedule. The addition of another party, with another group of lawyers—and no identifiably different litigation interest—will be counterproductive for the efficient management of this case. For this reason, and because the RNC's interests are adequately represented by the existing Defendants, the Court exercises its discretion to deny this request. *See Tri-State Generation & Transmission*, 787 F.3d at 1075 (holding a court "may consider" adequate representation in deciding an issue of permissive intervention).

Accordingly, the Republican National Committee's motion for permissive intervention under K.S.A. 60-224(b)(1)(B) is denied.

IT IS SO ORDERED.

Carl Folsom, III
District Judge

7