**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:26-cv-22257-JB**
**Case No. 1:26-cv-23135-JB**

UNIDOSUS, *et al.*,

      Plaintiffs,

v.

CORD BYRD, in his official capacity
as Florida Secretary of State, *et al.*,

      Defendants.

_____/

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS OF
THE NAACP, *et al.*,

      Plaintiffs,

v.

CORD BYRD, in his official capacity
as Florida Secretary of State, *et al.*,

      Defendants.

_____/

**THE SUPERVISORS OF ELECTIONS' ANSWER**
**TO NAACP PLAINTIFFS' FIRST AMENDED**
**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Defendants, Florida's sixty-seven Supervisors of Elections (the "Supervisors"), answer

the First Amended Complaint for Injunctive and Declaratory Relief (ECF No. 90) filed by

Plaintiffs, Florida State Conference of Branches and Youth Units of the NAACP and Florida

Alliance for Retired Americans, Incorporated.

1. Without knowledge and therefore denied.

2. This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

3. Without knowledge and therefore denied.

4. The first sentence of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their context and deny any allegation, reference, or characterization inconsistent with those provisions. As to the remainder of this paragraph, without knowledge and therefore denied.

5. Without knowledge and therefore denied.

6. The second sentence of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its context and deny any allegation, reference, or characterization inconsistent with that opinion. As to the remainder of the paragraph, without knowledge and therefore denied.

7. Without knowledge and therefore denied.

8. Without knowledge and therefore denied.

9. Admitted that Plaintiffs brought this action and seek the relief requested in the second sentence of this paragraph. As to the remainder of this paragraph, without knowledge and therefore denied.

10. Admitted that Plaintiffs bring this action under 42 U.S.C. § 1983, assert a claim for attorney's fees under 42 U.S.C. § 1988, and allege a deprivation under color of state law of rights secured by the First and Fourteenth Amendments of the United States Constitution.

Admitted that Plaintiffs bring this action under 52 U.S.C. § 20510(b). As to the remainder of this paragraph, without knowledge and therefore denied.

11. Admitted.

12. Admitted for venue purposes only.

13. Admitted.

14. Without knowledge and therefore denied.

15. Without knowledge and therefore denied.

16. Without knowledge and therefore denied.

17. Without knowledge and therefore denied.

18. Without knowledge and therefore denied.

19. Without knowledge and therefore denied.

20. Without knowledge and therefore denied.

21. Without knowledge and therefore denied.

22. Without knowledge and therefore denied.

23. Without knowledge and therefore denied.

24. Without knowledge and therefore denied.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Admitted.

28. This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

29.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

30.     Admitted that the Supervisors are sued in their official capacities only. Admitted that the Supervisors perform election-administration functions within their respective counties. The remainder of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

31.     Admitted.

32.     Admitted that David Kerner is sued in his official capacity as the executive director of the Department of Highway Safety and Motor Vehicles ("DHSMV"). Denied that David Kerner is the head of DHSMV. *See* Fla. Stat. § 20.24(1). The remainder of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

33.     This paragraph purports to summarize provisions of the National Voter Registration Act (the "NVRA"). The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

34.     The first sentence of this paragraph purports to summarize statutory provisions. The Supervisors refer to those provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

Admitted that the NVRA contains numerous requirements. As to the remainder of this paragraph, without knowledge and therefore denied.

35. This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

36. This paragraph purports to summarize statutory provisions. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

37. This paragraph purports to summarize statutory provisions and a court decision. The Supervisors refer to the NVRA and the referenced court decision for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

38. This paragraph, including footnote 1, purports to summarize statutory provisions and a court decision. The Supervisors refer to the referenced provisions and court decision for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

39. This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

40. This paragraph purports to summarize the NVRA's provisions. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

41. This paragraph purports to summarize provisions of the NVRA. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

42. This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

43. This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

44. This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

45. This paragraph purports to summarize provisions of the NVRA. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

46. This paragraph purports to summarize provisions of the NVRA. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

47. This paragraph, including footnote 2, purports to summarize statutory provisions and a court decision. The Supervisors refer to the referenced statutory provisions and court decision for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

48.     This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

49.     This paragraph purports to summarize unidentified court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

50.     As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

51.     This paragraph, including footnote 3, purports to summarize an Arizona statute and two court decisions. The Supervisors refer to the referenced statute and court decisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

52.     This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

53.     This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

54.     This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

55.     Without knowledge and therefore denied.

56.     As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

57.     As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

58.     As to the first two sentences of this paragraph, without knowledge and therefore denied. The remainder of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

59.     As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

60.     Without knowledge and therefore denied.

61.     Without knowledge and therefore denied.

62.     This paragraph, including footnote 4, purports to summarize a statutory provision and a court decision. The Supervisors refer to the referenced statutory provision and court decision for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

8

63.     Without knowledge and therefore denied.

64.     This paragraph purports to summarize an executive order and a court decision. The Supervisors refer to the referenced executive order and court decision for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

65.     Admitted.

66.     The first sentence of this paragraph is admitted. The remainder of this paragraph purports to summarize provisions of the Florida Election Code. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

67.     Without knowledge and therefore denied.

68.     Without knowledge and therefore denied.

69.     Without knowledge and therefore denied.

70.     Without knowledge and therefore denied.

71.     Admitted that the Florida Legislature passed House Bill 991 on March 12, 2026, and that the Governor signed the bill on April 1, 2026. As to the remainder of this paragraph, the Supervisors incorporate their answer to paragraph 2.

72.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

73.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of

their content and deny any allegation, inference, or characterization inconsistent with those provisions.

74.     Admitted.

75.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

76.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

77.     This paragraph purports to summarize provisions of House Bill 991 and a provision of the Florida Election Code. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

78.     This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

79.     Without knowledge and therefore denied.

80.     Without knowledge and therefore denied.

81.     Without knowledge and therefore denied.

82.     Without knowledge and therefore denied.

83. Admitted that House Bill 991 contains provisions that apply to some registered voters, as well as new applicants. As to the remainder of this paragraph, without knowledge and therefore denied.

84. Without knowledge and therefore denied.

85. Without knowledge and therefore denied.

86. Without knowledge and therefore denied.

87. Without knowledge and therefore denied.

88. Without knowledge and therefore denied.

89. Without knowledge and therefore denied.

90. Without knowledge and therefore denied.

91. Without knowledge and therefore denied.

92. Admitted.

93. Without knowledge and therefore denied.

94. Without knowledge and therefore denied.

95. Without knowledge and therefore denied.

96. Without knowledge and therefore denied.

97. Without knowledge and therefore denied.

98. Without knowledge and therefore denied.

99. Without knowledge and therefore denied.

100. Without knowledge and therefore denied.

101. This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of

their content and deny any allegation, inference, or characterization inconsistent with those provisions.

102. Without knowledge and therefore denied.

103. Without knowledge and therefore denied.

104. Without knowledge and therefore denied.

105. Without knowledge and therefore denied.

106. Without knowledge and therefore denied.

107. Admitted.

108. The second sentence of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions. As to the remainder of this paragraph, without knowledge and therefore denied.

109. The first sentence of this paragraph is admitted. As to the remainder of this paragraph, without knowledge and therefore denied.

110. Without knowledge and therefore denied.

111. Without knowledge and therefore denied.

112. Without knowledge and therefore denied.

113. This first sentence of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions. As to the remainder of this paragraph, without knowledge and therefore denied.

114. Without knowledge and therefore denied.

115. Without knowledge and therefore denied.

116. The first sentence of this paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions. As to the remainder of this paragraph, without knowledge and therefore denied.

117. Without knowledge and therefore denied.

118. This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

119. Without knowledge and therefore denied.

120. Without knowledge and therefore denied.

121. Admitted that House Bill 991 may require a registered voter to provide a document acceptable as evidence of United States citizenship to the registered voter's Supervisor. The second sentence of this paragraph is admitted. As to the remainder of this paragraph, without knowledge and therefore denied.

122. Without knowledge and therefore denied.

123. Without knowledge and therefore denied.

124. Without knowledge and therefore denied.

125. Without knowledge and therefore denied.

13

126. Admitted that federal and state law contain prohibitions against voting by non-citizens. As to the remainder of this paragraph, without knowledge and therefore denied.

127. Without knowledge and therefore denied.

128. Without knowledge and therefore denied.

129. Without knowledge and therefore denied.

130. Without knowledge and therefore denied.

131. Without knowledge and therefore denied.

132. Without knowledge and therefore denied.

133. Without knowledge and therefore denied.

134. Without knowledge and therefore denied.

135. Without knowledge and therefore denied.

136. Without knowledge and therefore denied.

137. Without knowledge and therefore denied.

138. Without knowledge and therefore denied.

139. Without knowledge and therefore denied.

140. Without knowledge and therefore denied.

141. Without knowledge and therefore denied.

142. Without knowledge and therefore denied.

143. As to the first sentence of this paragraph, without knowledge and therefore denied. The remainder of this paragraph is admitted.

144. Admitted.

145. Admitted that Florida has list-maintenance procedures. As to the remainder of this paragraph, without knowledge and therefore denied.

146.    Without knowledge and therefore denied.

147.    Without knowledge and therefore denied.

148.    Without knowledge and therefore denied.

149.    Without knowledge and therefore denied.

150.    The Supervisors incorporate their answers to paragraphs 1 through 149.

151.    This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

152.    Without knowledge and therefore denied.

153.    This paragraph purports to summarize two statutory provisions. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

154.    This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

155.    Without knowledge and therefore denied.

156.    Without knowledge and therefore denied.

157.    The Supervisors incorporate their answers to paragraphs 1 through 149.

158.    This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

159.    This paragraph purports to summarize a statutory provision and a court decision. The Supervisors refer to the referenced statutory provision and court decision for a complete and

accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

160. This paragraph purports to summarize a court decision. The Supervisors refer to the referenced court decision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

161. Without knowledge and therefore denied.

162. Without knowledge and therefore denied.

163. Without knowledge and therefore denied.

164. Without knowledge and therefore denied.

165. Without knowledge and therefore denied.

166. The Supervisors incorporate their answers to paragraphs 1 through 149.

167. This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

168. This paragraph purports to summarize a court decision. The Supervisors refer to the referenced court decision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

169. Admitted.

170. Without knowledge and therefore denied.

171. The Supervisors incorporate their answers to paragraphs 1 through 149.

172. This paragraph purports to summarize statutory provisions. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

173. This paragraph purports to summarize a statutory provision and an administrative rule. The Supervisors refer to the referenced statutory provision and administrative rule for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those authorities.

174. This paragraph purports to summarize an administrative rule. The Supervisors refer to the referenced administrative rule for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with the rule.

175. This paragraph purports to summarize an administrative rule. The Supervisors refer to the referenced administrative rule for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with the rule.

176. This paragraph purports to summarize an administrative rule. The Supervisors refer to the referenced administrative rule for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with the rule.

177. This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

178. This paragraph purports to summarize provisions of House Bill 991. The Supervisors refer to the referenced statutory provisions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those provisions.

179. Without knowledge and therefore denied.

180. Without knowledge and therefore denied.

181. The Supervisors incorporate their answers to paragraphs 1 through 149.

182.    This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

183.    Without knowledge and therefore denied.

184.    This paragraph purports to summarize a statutory provision. The Supervisors refer to the referenced statutory provision for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that provision.

185.    Without knowledge and therefore denied.

186.    The Supervisors incorporate their answers to paragraphs 1 through 149.

187.    This paragraph purports to summarize two court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

188.    This paragraph purports to summarize two court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

189.    This paragraph purports to summarize a court decision. The Supervisors refer to the full opinion for a complete and accurate statement of its content and deny any allegation, inference, or characterization inconsistent with that opinion.

190.    This paragraph purports to summarize court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

191. This paragraph purports to summarize court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

192. This paragraph purports to summarize court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

193. Without knowledge and therefore denied.

194. The last sentence of this paragraph is denied. As to the remainder of this paragraph, without knowledge and therefore denied.

195. Without knowledge and therefore denied.

196. The Supervisors incorporate their answers to paragraphs 1 through 149.

197. Admitted.

198. This paragraph purports to summarize court decisions. The Supervisors refer to the full opinions for a complete and accurate statement of their content and deny any allegation, inference, or characterization inconsistent with those opinions.

199. Denied that Florida must register everyone who submits a National Mail Voter Registration Form. As to the remainder of this paragraph, without knowledge and therefore denied.

200. Without knowledge and therefore denied.

201. Without knowledge and therefore denied.

The Supervisors deny all allegations not specifically admitted above. To the extent the headings in Plaintiffs' First Amended Complaint for Injunctive and Declaratory Relief (ECF No. 90) contain allegations that require a response, those allegations are denied.

Dated August 11, 2026.                    Respectfully submitted,


/s/ *John T. LaVia, III*                   /s/ *Andy Bardos*

John T. LaVia, III (FBN 0853666)          Andy Bardos (FBN 822671)
jlavia@gbkwlaw.com                        abardos@shutts.com
GARDNER BIST KING & WOOD                  SHUTTS & BOWEN LLP
1300 Thomaswood Drive                     215 South Monroe Street, Suite 804
Tallahassee, Florida 32308                Tallahassee, Florida 32301
Telephone: 850-385-0070                   Telephone: 850-201-6269
*Counsel for Defendants, Supervisors of*  *Counsel for Defendants, Supervisors of*
*Elections for Clay, Martin, Osceola, Palm*  *Elections for Charlotte, Collier, Indian River,*
*Beach, Polk, and St. Lucie Counties*     *Lake, Lee, Manatee, Marion, Monroe, Pasco, and*
                                          *Seminole Counties*


/s/ *Geraldo Olivo*                        /s/ *Susan Erdelyi*

Geraldo F. Olivo, III (FBN 0060905)       Susan S. Erdelyi (FBN 0648965)
jerry.olivo@henlaw.com                    serdelyi@marksgray.com
HENDERSON, FRANKLIN, STARNES              MARKS GRAY, P.A.
& HOLT, P.A.                              1200 Riverplace Blvd., Suite 800
1715 Monroe Street                        Jacksonville, Florida 32207
Fort Myers, Florida 33905                 Telephone: 904-398-0900
Telephone: 239-344-1100                   *Counsel for Defendants, Supervisors of*
*Counsel for Defendants, Supervisors of*  *Elections for Baker, Bay, Bradford, Calhoun,*
*Elections for Glades, Hardee, Hendry, Holmes,*  *Columbia, Dixie, Escambia, Franklin, Gadsden,*
*Levy, and Okeechobee Counties*           *Gulf, Hamilton, Jackson, Lafayette, Nassau,*
                                          *Putnam, St. Johns, Santa Rosa, Sumter,*
                                          *Suwannee, Taylor, Walton, Wakulla, and*
                                          *Washington Counties*


/s/ *Frank Mari*                           /s/ *Robert Swain*

Frank M. Mari (FBN 93243)                 Robert C. Swain (FBN 366961)
fmari@tessmari.com                        bswain@alachuacounty.us
TESSITORE MARI SCOTT, PLLC                ALACHUA COUNTY ATTORNEY'S OFFICE
1485 International Parkway, Suite 2031     12 Southeast 1st Street
Lake Mary, Florida 32746                  Gainesville, Florida 32601
Telephone: 321-363-1634                   Telephone: 352-374-5218
*Counsel for Defendant, Supervisor of*    *Counsel for Defendant, Supervisor of*
*Elections for Brevard County*            *Elections for Alachua County*

/s/ *Devona Reynolds Perez*

Adam Katzman (FBN 652431)
akatzman@broward.org
Devona A. Reynolds Perez (FBN 70409)
dreynoldsperez@broward.org
BROWARD COUNTY ATTORNEY'S OFFICE
115 South Andrews Avenue, Suite 423
Fort Lauderdale, Florida 33301
Telephone: 954-357-7600
*Counsel for Defendant, Supervisor of Elections for Broward County*

/s/ *Tiffiny Douglas Pinkstaff*

Tiffiny Douglas Pinkstaff (FBN 682101)
tpinkstaff@coj.net
OFFICE OF THE GENERAL COUNSEL
117 West Duval Street, Suite 480
Jacksonville, Florida 32202
Telephone: 904-255-5072
*Counsel for Defendant, Supervisor of Elections for Duval County*

/s/ *Dale A. Scott*

Dale A. Scott (FBN 0568821)
dscott@tessmari.com
TESSITORE MARI SCOTT, PLLC
1485 International Parkway, Suite 2031
Lake Mary, Florida 32746
Telephone: 321-363-1634
*Counsel for Defendant, Supervisor of Elections for Citrus County*

/s/ *Jared D. Kahn*

Jared D. Kahn (FBN 105276)
jkahn@pinellas.gov
PINELLAS COUNTY ATTORNEY'S OFFICE
315 Court Street, Sixth Floor
Clearwater, Florida 33756
Telephone: 727-464-3354
*Counsel for Defendant, Supervisor of Elections for Pinellas County*

/s/ *Melissa A. Tartaglia*

Melissa A. Tartaglia (FBN 116033)
mtartaglia@co.hernando.fl.us
HERNANDO COUNTY ATTORNEY'S OFFICE
20 North Main Street, Suite 462
Brooksville, Florida 34601
Telephone: 850-754-4122
*Counsel for Defendant, Supervisor of Elections for Hernando County*

/s/ *William K. Bledsoe*

William K. Bledsoe (FBN 29769)
kbledsoe@volusia.gov
VOLUSIA COUNTY ATTORNEY'S OFFICE
123 West Indiana Avenue
Deland, Florida 32720
Telephone: 386-736-5950
*Counsel for Defendant, Supervisor of Elections for Volusia County*

/s/ *Stephen M. Todd*

Stephen M. Todd (FBN 0886203)
todds@hillsboroughcounty.org
HILLSBOROUGH COUNTY ATTORNEY'S OFFICE
601 East Kennedy Blvd., 27th Floor
Tampa, Florida 33602
Telephone: 813-272-5670
*Counsel for Defendant, Supervisor of Elections for Hillsborough County*

/s/ *Nicholas Shannin*

Nicholas Shannin (FBN 9570)
nshannin@shanninlaw.com
SHANNIN LAW FIRM, P.A.
214 East Lucerne Circle, Suite 200
Orlando, Florida 32801
Telephone: 407-985-2222
*Counsel for Defendant, Supervisor of Elections for Orange County*

/s/ *Pausha Taghdiri*
Pausha Taghdiri (FBN 1002857)
ptaghdiri@roperpa.com
ROPER, TOWNSEND & SUTPHEN, P.A.
255 South Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: 407-897-5150
*Counsel for Defendants, Supervisors of Elections for DeSoto, Flagler, Gilchrist, Highlands, Jefferson, Liberty, Madison, and Union Counties*

/s/ *Ashley E. Gaillard*
Ashley E. Gaillard (FBN 1019208)
agaillard@bgk.law
BENTLEY GOODRICH KISON, P.A.
783 South Orange Avenue, Suite 300
Sarasota, Florida 34236
Telephone: 941-556-9030
*Counsel for Defendant, Supervisor of Elections for Sarasota County*

/s/ *Oren Rosenthal*
Oren Rosenthal (FBN 86320)
oren.rosenthal@votemiamidade.gov
MIAMI-DADE COUNTY SUPERVISOR OF ELECTIONS' OFFICE
2700 N.W. 87th Street
Miami, Florida 33172
Telephone: 305-499-8537
*Counsel for Defendant, Supervisor of Elections for Miami-Dade County*

/s/ *Matthew Shaud*
Gregory T. Stewart (FBN 203718)
gstewart@ngnlaw.com
Matthew R. Shaud (FBN 122252)
mshaud@ngnlaw.com
NABORS, GIBLIN & NICKERSON, P.A.
1500 Mahan Drive, Suite 200
Tallahassee, Florida 32308
Telephone: 850-224-4070
*Counsel for Defendant, Supervisor of Elections for Okaloosa County*

/s/ *Mark Herron*
Mark Herron (FBN 199737)
mherron@lawfla.com
MESSER CAPARELLO, P.A.
2618 Centennial Place
Tallahassee, Florida 32308
Telephone: 850-222-0720
*Counsel for Defendant, Supervisor of Elections for Leon County*