**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26-cv-22257-JB/Torres**

UNIDOSUS, et al.,

*Plaintiffs*,

and

FLORIDA STATE CONFERENCE OF
BRANCHES AND YOUTH UNITS
OF THE NAACP, et al.,

*Consolidated Plaintiffs*,

v.

CORD BYRD, in his official capacity as
Florida Secretary of State, et al.,

*Defendants*.

---

**DEFENDANTS' JOINT MOTION TO CONSOLIDATE**

Defendants Secretary of State Cord Byrd and Supervisors of Elections Joe Scott, Wendy Sartory Link, Alina Garcia, Karen Castor Dentel, and Mary Jane Arrington ask the Court to consolidate Case Nos. 1:26-cv-26047-MOORE/Elfenbein and 1:26-cv-22257-JB/Torres for the purpose of trial and timing of pleadings (other than responses to the BVM Plaintiffs' complaint), hearings, and depositions and other discovery. Defendants request aligning dates in the consolidated case (other than responses to the BVM Plaintiffs' complaint) with the scheduling order entered in Case No. 1:26-cv-22257-JB/Torres, Doc.88. All parties in both cases do not oppose, or take no position on, consolidating the cases to this extent. Consolidation would promote judicial economy and the efficient resolution of the two cases. Defendants provide the attached memorandum in support.

**MEMORANDUM OF LAW IN SUPPORT**

**I. Background**

On April 1, 2026, plaintiffs in Case No. 1:26-cv-22257-JB/Torres ("Unidos Plaintiffs") filed a complaint for declaratory and injunctive relief in the Southern District of Florida against the Secretary of State and the Supervisors of Elections for Broward, Miami-Dade, and Palm Beach Counties challenging newly enacted House Bill 991 ("HB 991"). 1:26-cv-22257-JB/Torres, Doc.1 (S.D. Fla.). Later that day, the Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans ("NAACP Plaintiffs") challenged the same law in the Northern District of Florida. 4:26-cv-00147-MW/MAF, Doc.1 (N.D. Fla.). The NAACP Plaintiffs likewise seek declaratory and injunctive relief against HB 991. They brought this action against the Secretary of State, the Executive Director of the Florida Department of Highway Safety and Motor Vehicles, and all of Florida's sixty-seven Supervisors of Elections.

On April 7 and 16, 2026, Secretary Byrd and Executive Director Kerner moved to transfer Case No. 4:26-cv-00147-MW/MAF to the Southern District of Florida. 1:26-cv-22257-JB/Torres, Doc.45 (S.D. Fla.); 4:26-cv-00147-MW/MAF, Doc.36 (N.D. Fla.). On May 1, 2026, the Honorable Judge Jacqueline Becerra granted the transfer. 1:26-cv-22257-JB/Torres, Doc.61 (S.D. Fla.). The order directed that the parties file any motion to consolidate following transfer of the case. In response to the order in the Southern District, on May 4, 2026, the Honorable Judge Mark Walker ordered the Northern District action to be transferred to the Southern District and the case file in the Northern District to be closed. 4:26-cv-00147-MW/MAF, Doc.54 (N.D. Fla.).

On May 18, 2026, Secretary Byrd and Executive Director Kerner filed an unopposed motion to consolidate the two cases. 1:26-cv-22257-JB/Torres, Doc.63 (S.D. Fla.); 1:26-cv-23135-JB/Torres, Doc.71 (S.D. Fla.). On May 20, 2026, Judge Becerra granted the motion to consolidate.

1:26-cv-22257-JB/Torres, Doc.64 (S.D. Fla.); 1:26-cv-23135-JB/Torres, Doc.72 (S.D. Fla.). The actions are now proceeding in one case before Judge Becerra.

The Unidos Plaintiffs and NAACP Plaintiffs filed amended complaints on July 22, 2026. 1:26-cv-22257-JB/Torres, Docs.89, 90 (S.D. Fla.). The Unidos Plaintiffs added the remaining Supervisors of Elections and the Florida Department of Children and Families Deputy Secretary as defendants. Both complaints allege that HB 991 imposes an undue burden on the right to vote in violation of the First and Fourteenth Amendments and violates various provisions of the National Voter Registration Act ("NVRA"). *See* 1:26-cv-22257-JB/Torres, Doc.89 at ¶¶ 224-96; Doc.90 at ¶¶ 150-95 (S.D. Fla.). The NAACP Plaintiffs also allege a claim under the Fourteenth Amendment's Equal Protection Clause. *See* 1:26-cv-22257-JB/Torres, Doc.90 at ¶¶ 196-201 (S.D. Fla.).

Black Voters Matter Fund and the League of United Latin American Citizens ("BVM Plaintiffs") filed the instant action on September 1, 2026. 1:26-cv-26047-MOORE/Elfenbein, Doc.1 (S.D. Fla.). They named as defendants Secretary Byrd and the Supervisors of Elections for Broward, Palm Beach, Miami-Dade, Orange, and Osceola Counties. The BVM Plaintiffs allege claims under the NVRA and the Fourteenth Amendment's Due Process Clause. *See* 1:26-cv-26047-MOORE/Elfenbein, Doc.1 at ¶¶ 118-57 (S.D. Fla.).

## II. Argument

The Court should now consolidate the two cases. Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "Rule 42(a) 'is a codification of a trial court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Transpire Bio*

*Inc. v. Lupin Inc.*, No. 25-61566-CIV, 2025 U.S. Dist. LEXIS 257015, at *3-4 (S.D. Fla. Oct. 23, 2025) (internal quotation omitted) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). In deciding whether to consolidate, the court takes into account four factors:

> (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* at *4 (citing *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313 (11th Cir. 2017)).

Both cases involve challenges to the citizenship verification and voter list maintenance provisions in HB 991. The BVM Plaintiffs bring claims under several provisions of the NVRA—52 U.S.C. §§ 20505(a)(1)-(2) (Count I), 20507(a)(1) (Count II), 20507(a)(3)-(4) (Count III), 20507(b)(1) (Count IV), and 20507(c)(2)(A) (Count V). *See* 1:26-cv-26047-MOORE/Elfenbein, Doc.1 at ¶¶ 118-49 (S.D. Fla.). Other than Count III, these are the same provisions that the plaintiffs in Case No. 1:26-cv-22257-JB/Torres bring claims under. *See* 1:26-cv-22257-JB/Torres, Doc.89 at ¶¶ 254-59, 269-90; Doc.90 at ¶¶ 157-70, 181-85 (S.D. Fla.). Count III (brought under 52 U.S.C. § 20507(a)(3)-(4)) also challenges HB 991's citizenship verification provisions. *See* 1:26-cv-26047-MOORE/Elfenbein, Doc.1 at ¶¶ 129-32 (S.D. Fla.). The BVM Plaintiffs add a procedural due process claim, but that claim, too, is against the citizenship verification provisions. *See* 1:26-cv-26047-MOORE/Elfenbein, Doc.1 at ¶¶ 150-57 (S.D. Fla.).

As for the parties, the BVM Plaintiffs are similarly situated to the plaintiffs in Case No. 1:26-cv-22257-JB/Torres. Black Voters Matter Fund states that "BVM conducts door-to-door voter registration drives, community workshops, voter education, and other programs designed to increase registration and political participation among the communities it serves." 1:26-cv-26047-

MOORE/Elfenbein, Doc.1 at ¶ 20 (S.D. Fla.). "LULAC and its Florida councils engage in voter education, voter registration, and civic-engagement activities directed toward eligible Latino voters." 1:26-cv-26047-MOORE/Elfenbein, Doc.1 at ¶ 29 (S.D. Fla.). The plaintiffs in Case No. 1:26-cv-22257-JB/Torres similarly explain that they're organizations that work with voters. *See* 1:26-cv-22257-JB/Torres, Doc.89 at ¶¶ 25-92; Doc.90 at ¶¶ 14-26 (S.D. Fla.). All the Defendants—the Secretary of State and Supervisors Joe Scott, Wendy Sartory Link, Alina Garcia, Karen Castor Dentel, and Mary Jane Arrington—are currently defendants in Case No. 1:26-cv-22257-JB/Torres.

Both cases involve common factual and legal issues—the effect of HB 991 on voting in Florida and the validity of the citizenship verification provisions under the NVRA and the United States Constitution. Because the cases involve substantially identical issues of law and fact and involve the same Defendants, consolidation would impose less of a burden on parties, witnesses, and judicial resources. Consolidation would save time and expense by allowing for one trial as opposed to two.

In fact, the first-filed rule anticipates that overlapping actions will be consolidated. *See Perkins v. Am. Nat'l Ins. Co.*, 446 F. Supp. 2d 1350, 1353 (M.D. Ga. 2006) ("[U]nder the 'first-filed rule,' the court where the subsequently filed action has been filed should defer to the court where the first action was filed to allow that court to decide whether it should exercise jurisdiction over both cases in a consolidated action."); *Collegiate Lic. Co. v. Am. Cas. Co. of Reading*, 713 F.3d 71, 78 (11th Cir. 2013) (the first-filed rule "establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated").

## III. Conclusion

For these reasons, the Court should consolidate Case Nos. 1:26-cv-26047-MOORE/Elfenbein and 1:26-cv-22257-JB/Torres for the purpose of trial and timing of pleadings (other than

responses to the BVM Plaintiffs' complaint), hearings, and depositions and other discovery. The Court should align dates in the consolidated case (other than responses to the BVM Plaintiffs' complaint) with the scheduling order entered in Case No. 1:26-cv-22257-JB/Torres, Doc.88.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the Movants' counsel certify that they have conferred with all parties in both cases in a good faith effort to resolve the issues presented. The BVM Plaintiffs, Defendant Executive Director Kerner, Defendant Deputy Secretary Williams, and the remaining Supervisor of Elections Defendants do not oppose consolidation for the purpose of trial and timing of pleadings (other than responses to the BVM Plaintiffs' complaint), hearings, and depositions and other discovery. Furthermore, these parties do not oppose aligning dates (other than responses to the BVM Plaintiffs' complaint) with the scheduling order entered in Case No. 1:26-cv-22257-JB/Torres, Doc.88. The Unidos Plaintiffs do not oppose consolidation to the same extent so long as the Court retains the scheduling order entered in Case No. 1:26-cv-22257-JB/Torres, Doc.88. The NAACP Plaintiffs take no position on consolidation to the same extent so long as the Court retains the scheduling order entered in Case No. 1:26-cv-22257-JB/Torres, Doc.88.

Respectfully submitted, Dated: September 22, 2026

Ashley E. Davis (FBN 48032)
General Counsel
Bilal A. Faruqui (FBN 15212)
Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov
jenna.mclanahan@dos.fl.gov

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN TORCHINSKY &
JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Florida Secretary of State Cord Byrd*

/s/ Adam Katzman
Adam Katzman (FBN 652431)
Devona A. Reynolds Perez (FBN 70409)
BROWARD COUNTY ATTORNEY
115 South Andrews Avenue, Suite 423
Fort Lauderdale, FL 33301
(954) 357-7600
akatzman@broward.org
dreynoldsperez@broward.org

*Counsel for Joe Scott, Supervisor of Elections for Broward County*

/s/ Oren Rosenthal
Oren Rosenthal (FBN 86320)
OFFICE OF THE SUPERVISOR OF ELECTIONS
2700 NW 87th Avenue

Miami, FL 33172
(305) 499-8537
oren.rosenthal@votemiamidade.gov

*Counsel for Defendant Alina Garcia, Supervisor of Elections for Miami-Dade County*

/s/ Nicholas A. Shannin
Nicholas A. Shannin (FBN 9570)
SHANNIN LAW FIRM, P.A.
214 South Lucerne Circle East, Suite 200
Orlando, FL 32801
(407) 985-2222
nshannin@shanninlaw.com
service@shanninlaw.com

*Counsel for Defendant Karen Castor Dentel, Supervisor of Elections for Orange County*

/s/ John T. LaVia, III
John T. LaVia, III (FBN 0853666)
GARDNER BIST KING & WOOD
1300 Thomaswood Drive
Tallahassee, FL 32308
(850) 385-0070
jlavia@gbkwlaw.com

*Counsel for Mary Jane Arrington, Supervisor of Elections for Osceola County, and Wendy Sartory Link, Supervisor of Elections for Palm Beach County*

**LOCAL RULE 7.1(c)(2) CERTIFICATION**

In compliance with Southern District of Florida Local Rule 7.1(c)(2), the undersigned certifies that the foregoing does not exceed twenty pages.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

**CERTIFICATE OF SERVICE**

I certify that on September 22, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil