**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNIDOSUS, *et al.*,<br><br>and<br><br>FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*,<br><br>*Consolidated Plaintiffs*,<br><br>v.<br><br>CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.*,<br><br>*Defendants*. | Case No.: 1:26-cv-22257-JB |

**PROTECTIVE ORDER**

This matter is before the Court upon the Motion for a Protective Order (the "Motion") filed by Plaintiffs in these consolidated cases (collectively, the "Action") and Defendants, the sixty-seven Supervisors of Elections (the "Supervisors"), to authorize limited disclosure by the Supervisors—and to limit any further disclosure—of information that is exempt, confidential, or a trade secret under the Florida Statutes, including, but not limited to, sections 97.0585, 100.371, 688.002, 815.045, Florida Statutes, and Chapter 119, Florida Statutes ("Confidential Information").

This Court finds good cause for the entry of this Protective Order (the "Order") for the reasons stated in the Motion and orders as follows:

1. This Order applies only to Confidential Information in (a) documents produced by the Supervisors in response to requests for document production served by Plaintiffs in this Action; (b) business records provided by Supervisors under Federal Rule of Civil

**EXHIBIT 1**

Procedure 33(d) in response to an interrogatory served by Plaintiffs in this Action; and (c) transcripts of depositions of Supervisors and their staff taken in this Action.

2. A Supervisor may produce Confidential Information in this Action notwithstanding its status as exempt, confidential, or a trade secret under the Florida Statutes. The producing party shall designate as "Confidential" the documents that contain Confidential Information. A Supervisor's failure to designate a document as "Confidential" does not preclude the Supervisor from designating the document as "Confidential" at a later time. If the producing Supervisor wishes to designate a document as "Confidential" after its production, then the producing party must notify the receiving party that the document contains Confidential Information and shall re-produce the document with a "Confidential" designation that complies with this Order.

3. Similarly, a party may designate a deposition transcript, or a portion thereof, by stating on the record that the transcript, or portions thereof, is "Confidential" or advising the other parties in writing that the transcript, or portions thereof, is "Confidential." A written designation shall be made within 14 calendar days of the deposition date.

4. A producing party's failure to designate documents or deposition testimony as "Confidential" relieves the receiving parties of any obligation of confidentiality until such a designation is made, provided, however, that if a receiving party reasonably believes that the producing party inadvertently failed to designate a document or deposition transcript as "Confidential," then the receiving party must confer with the producing party before it uses or discloses such document or deposition transcript in a manner inconsistent with this Order's treatment of Confidential Information.

5. Designated documents or transcripts may not be provided to or reviewed by any person other than: (a) the Court; (b) court reporters at depositions, hearings, and trial in this Action; (c) counsel in this Action and their paralegals and support staff; (d) testifying and non-testifying experts and their assistants engaged to assist them in this Action; (e) vendors working at the direction of counsel, to the extent disclosure is reasonably necessary to the prosecution or defense of this Action; (f) fact witnesses (and the witnesses' counsel if separate from counsel in this Action) testifying at a deposition, hearing, or trial, whether during or in preparation for their testimony, to the extent disclosure is reasonably necessary to the prosecution or defense of this Action; and (g) any mediator engaged by the parties to this Action. All recipients of Confidential Information shall be bound by this Order, including counsel, paralegals, and support staff representing all parties in this Action Before receiving or reviewing Confidential Information, any person identified in subparagraph (d), (e), or (f) of this paragraph 5 must complete the certification attached to this Order, unless the person is a Defendant or an employee or corporate representative of a Defendant in this Action. Counsel who procured the certification shall retain the completed certifications for at least three years after the conclusion of this Action and any associated appeals.

6. A recipient of Confidential Information produced in this Action may use Confidential Information only for purposes of this Action and shall not disclose Confidential Information except as authorized in this Order. If a person described in subparagraph (d), (e), or (f) of paragraph 5 refuses to sign the certification attached to this Order, then the party who wishes to disclose material to the person must first redact all Confidential Information.

7. If Confidential Information is disclosed, through inadvertence or otherwise, to any person not authorized to receive Confidential Information, then the disclosing person must (a) promptly notify the person to whom unauthorized disclosure was made that the Confidential Information is subject to this Order; (b) promptly and diligently attempt to retrieve or accomplish the destruction of all copies of the Confidential Information from, and preclude dissemination or use by, the person to whom unauthorized disclosure was made; and (c) promptly notify all parties of the unauthorized disclosure, the circumstances of the disclosure, and the steps taken pursuant to subparagraphs (a) and (b) of this paragraph 7. Unauthorized disclosure of Confidential Information, regardless of when the information was designated, does not waive the confidentiality of the information under this Order, either as to specific information disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

8. A party may dispute another party's designation of any document or deposition transcript as "Confidential," or any redaction thereof, pursuant to this Order by first providing notice of the dispute to the producing party. If the challenging party and the producing party are unable to resolve the dispute by agreement within five business days, the challenging party may file a Motion for De-Designation with the Court. Such motions may be decided on an expedited basis if such expedited basis is deemed appropriate by the Court.

9. To the extent it is necessary to attach a document or deposition transcript marked as containing Confidential Information under this Order to any paper filed in this Action, the receiving party shall first notify the producing party. The producing party will then promptly review the document and advise as to specific Confidential Information therein. Thereafter, the receiving party may either redact all Confidential Information or move to

file the document or deposition transcript under seal in accordance with the procedures for sealing of documents set forth under the Court's Local Rules. When Confidential Information must be disclosed at a hearing or at trial, counsel for the party that proposes to disclose the Confidential Information will notify the Court before any Confidential Information is disclosed and ask that the Confidential Information be viewed by authorized recipients only. No party, counsel, or witness shall disclose Confidential Information orally in open court except in accordance with further direction from the Court.

10. Nothing in this Order should be read to require the Supervisors to produce the following, as defined in Chapter 119, Florida Statutes: "criminal intelligence information," § 119.011(3)(a), Fla. Stat., or "criminal investigative information," *id.* § 119.011(3)(b), concerning "active" matters, *id.* § 119.011(3)(d). If a Supervisor withholds otherwise discoverable documents based on one or more of the statutory sections referenced in this paragraph 10, as part of a given investigation matter, the Supervisor must prepare a privilege log according to the requirements of Local Rule 26.1(e)(2)(B)–(D). The Supervisor may not introduce into evidence any documents or testimony regarding that given investigation, unless the Supervisor's objections to production are overruled by the Court.

11. Within 60 days after conclusion of this Action (and any associated appeals), all Confidential Information shall be either destroyed or returned to the producing party. Counsel shall be responsible to ensure that all testifying and non-testifying experts and assistants who received Confidential Information comply with this paragraph 11.

12. Nothing in this Order shall impose any restriction on the use or disclosure by a party or its agent of information that lawfully came into the possession of the party independent of any disclosure of discovery material made in this Action.

13. Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information in rendering such advice so long as counsel does not impermissibly disclose any Confidential Information.

14. If any additional actions are consolidated with this Action, then this Protective Order will apply to the newly consolidated actions—and to all parties thereto—beginning on the date of their consolidation.

15. The confidentiality obligations of this Order shall survive any settlement, judgment, or other disposition or conclusion of this Action, and all appeals therefrom. This Court shall retain continuing jurisdiction to enforce the terms of this Order.

SO ORDERED this _____ day of __________________ 2026.

______________________________
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

UNIDOSUS, *et al.*,

and

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*,

*Consolidated Plaintiffs*,

v.

CORD BYRD, in his official capacity as Secretary of the State of Florida, *et al.*,

*Defendants*.

Case No.: 1:26-cv-22257-JB

**PROTECTIVE-ORDER CERTIFICATION**

I have read and understand the Protective Order entered in the above-named litigation and attached to this Certification. I agree to abide by its terms. I will use and disclose Confidential Information only as authorized in the Protective Order.

Signature: ______________________________ Address: ______________________________

Name: ______________________________ ______________________________

Title: ______________________________ ______________________________