**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26-cv-22257-JB/Torres**

UNIDOSUS, et al.,

*Plaintiffs*,

and

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,

*Consolidated Plaintiffs*,

v.

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*.

---

**STATE OFFICIALS AND UNIDOS PLAINTIFFS'**
**JOINT MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the State Officials[1] and the Unidos Plaintiffs[2] respectfully move the Court to enter the Stipulated Protective Order attached as **Exhibit 1** (the "Protective Order"). In support, the Movants state:

---

[1] The State Officials are Secretary of State Cord Byrd, Florida Department of Highway Safety and Motor Vehicles Executive Director Dave Kerner, and Florida Department of Children and Families Interim Secretary Kathryn Williams.

[2] The Unidos Plaintiffs are UnidosUS, League of Women Voters of Florida, Inc., League of Women Voters of Florida Education Fund, Inc., Florida Rising Together, Florida Rising, Inc., Hispanic Federation, Inc., Florida Immigrant Coalition, Inc., FLIC Votes, Inc., Common Cause, and Common Cause Education Fund.

## Background

The Unidos Plaintiffs allege that provisions of recently enacted Florida House Bill 991 violate the National Voter Registration Act of 1993 and the First and Fourteenth Amendments to the United States Constitution. *See* Doc.89 at ¶¶ 224-296. The Plaintiffs have propounded discovery requests on the Secretary of State requesting documents and other information related to voter list maintenance and voter eligibility investigations. Materials responsive to those requests contain personally identifiable information and other non-public information of persons who are not personally associated with this litigation, including driver license numbers, social security numbers, and signatures. Responsive materials contain or may contain information protected from disclosure by Florida Statutes sections 97.0585,[3] 119.011,[4] and 119.071,[5] among other provisions.

To facilitate the "just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, while also protecting the sensitive information contained within documents and information responsive to the Plaintiffs' discovery requests, the State Officials and Unidos Plaintiffs now ask the Court to enter the attached Protective Order applicable to "confidential information," as defined in the Protective Order, produced by the State Officials to the Unidos Plaintiffs.

---

[3] Florida Statutes section 97.0585 protects certain information "obtained for the purpose of voter registration."

[4] Florida Statutes section 119.011 protects certain "information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity" and "information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission."

[5] Florida Statutes section 119.071 protects certain information of judges and judicial assistants, prosecutors, law enforcement officers, and other designated persons.

**Memorandum of Law**

The Court should enter the Protective Order, which would "encourage and simplify the exchanging of large numbers of documents, volumes of records and extensive files without concern of improper disclosure." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987). Such protective orders "provide that all assertedly confidential material disclosed" is "presumptively protected unless challenged." *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1308 (11th Cir. 2001) (quoting *Manual for Complex Litigation (Third)* § 21.432 (1995)).

In response to the Plaintiffs' discovery requests, the Secretary of State has identified many documents that contain personally identifiable information, and anticipates more of such documents as discovery progresses. This Court has explained that "personally identifying information of nonparties is precisely the kind of information that courts protect, and disclosure of this information would result in a clearly defined and serious injury to the privacy interests of nonparties." *Kelly v. Philip Morris Int'l, Inc.*, No. 24-60437-CIV, 2026 WL 2595022, at *4 (S.D. Fla. Apr. 15, 2026) (quoting *Brooks v. Trans Union LLC*, No. 22-0048, 2025 WL 3022295, at *4 (E.D. Pa. Oct. 29, 2025)). The Protective Order would "allow the litigation to proceed expeditiously without compromising the rights of anyone." *In re Alexander Grant & Co. Litig.*, 820 F.2d at 357. Because "document-by-document review of discovery materials would be unpracticable" and "the parties consent to an umbrella order restricting access to sensitive information" to "encourage maximum participation in the discovery process" and "conserve judicial resources," good cause exists to enter the Protective Order. *Id.*

By protecting from public disclosure materials that the State Officials have labeled in good faith as confidential, while at the same time requiring any party to seek leave from the Court before filing such materials under seal, the Protective Order properly balances the interests of efficient

discovery and the public's right of access to judicial documents. *See Chi. Trib. Co.*, 263 F.3d at 1310 ("Materials merely gathered as a result of the civil discovery process, however, do not fall within the scope of the constitutional right of access's compelling interest standard."); *id.* at 1311 ("there is no common-law right of access" for discovery materials, "as these materials are neither public documents nor judicial records").

Entry of the Protective Order will allow the parties to efficiently conduct discovery involving sensitive personal information while reserving for the Court's attention only those confidentiality issues that are truly in dispute. The State Officials and Unidos Plaintiffs therefore jointly request that the Court enter the Protective Order filed as **Exhibit 1** to this motion.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Pursuant to Southern District of Florida Local Rule 7.1(a)(3), the Movants' counsel certify that they have conferred with all parties and non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. The NAACP Plaintiffs do not oppose the motion. The BVM Plaintiffs do not oppose the motion. The Supervisors of Elections Defendants do not oppose the motion. Proposed Intervenors the Republican National Committee and the Republican Party of Florida do not oppose the motion.

Respectfully submitted,

Dated: November 4, 2026

/s/ Mohammad O. Jazil
Mohammad O. Jazil (FBN 72556)
Martin C. Wolk (FBN 1065532)
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 270-5938
mjazil@holtzmanvogel.com
mwolk@holtzmanvogel.com
kgordon@holtzmanvogel.com

*Counsel for Florida Secretary of State, Florida Department of Highway Safety and Motor Vehicles Executive Director, and Florida Department of Children and Families Interim Secretary*

Ashley E. Davis (FBN 48032)
General Counsel
Bilal A. Faruqui (FBN 15212)
Deputy General Counsel
FLORIDA DEPARTMENT OF STATE
R.A. Gray Building
500 South Bronough Street
Tallahassee, FL 32399
(850) 245-6531
ashley.davis@dos.fl.gov
bilal.faruqui@dos.fl.gov

*Counsel for Florida Secretary of State*

/s/ Jonathan Topaz
Jonathan Topaz*
William Hughes*
Malina Simard-Halm*
Nina Nayiri McKay*
Sophia Lin Lakin*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
whughes@aclu.org
msimard-halm@aclu.org
nmckay@aclu.org
slakin@aclu.org

Sarah Brannon*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th Street NW
Washington, DC 20004
(740) 632-0671
sbrannon@aclu.org

John A. Freedman*

Nicholas L.V. Warren (FBN 1019018)
Caroline McNamara (FBN 1038312)
Daniel B. Tilley (FBN 102882)
ACLU FOUNDATION OF FLORIDA
4343 West Flagler Street, Suite 400
Miami, FL 33134
(786) 363-2738
nwarren@aclufl.org
cmcnamara@aclufl.org
dtilley@aclufl.org

John Powers*
Hani Mirza*
Sonali Seth*
Nikole Miller (FBN 1031826)
Peter Ketcham-Colwill*
ADVANCEMENT PROJECT
1220 L Street NW, Suite 850
Washington, DC 20005
(202) 728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
sseth@advancementproject.org
nmiller@advancementproject.org
pketchamcolwill@advancementproject.org

Rachel L. Forman (FBN 105347)
Jeremy Karpatkin*
Nicholas Casmier Anway*
Connor J. Morgan*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue NW
Washington, DC 20001
(202) 942-5000
john.freedman@arnoldporter.com
rachel.forman@arnoldporter.com
jeremy.karpatkin@arnoldporter.com
nicholas.casmier.anway@arnoldporter.com
connor.morgan@arnoldporter.com

Jeffrey A. Miller*
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
(650) 319-4500
jeffrey.miller@arnoldporter.com

Delmarie Alicea (FBN 1024650)
Jose Perez*
LATINO JUSTICE PRLDEF
475 Riverside Drive, Suite 1901
New York, NY 10115
(212) 392-4752
dalicea@latinojustice.org
jperez@latinojustice.org

Eric Padilla (FBN 1044216)
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019
(212) 836-8000
eric.padilla@arnoldporter.com

* Admitted pro hac vice

*Counsel for Unidos Plaintiffs*

**LOCAL RULE 7.1(c)(2) CERTIFICATION**

In compliance with Southern District of Florida Local Rule 7.1(c)(2), the undersigned certifies that the foregoing does not exceed twenty pages.

/s/ Mohammad O. Jazil
Mohammad O. Jazil

**CERTIFICATE OF SERVICE**

I certify that on November 4, 2026, I electronically filed the foregoing with the Clerk of Court using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.

/s/ Mohammad O. Jazil
Mohammad O. Jazil