**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 1:26-cv-22257-JB/Torres**

UNIDOSUS, et al.,

*Plaintiffs*,

and

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, et al.,

*Consolidated Plaintiffs*,

v.

CORD BYRD, in his official capacity as Florida Secretary of State, et al.,

*Defendants*.
______________________________________/

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL PERSONALLY IDENTIFIABLE INFORMATION**

State Officials and Unidos Plaintiffs (collectively, the "Parties") agree on the need to protect from public dissemination certain voter-specific information while still allowing for timely production of responsive documents in discovery.[1] The Parties reasonably anticipate that such materials contain personally identifiable information and other non-public information of persons who are not personally associated with this litigation that should be protected from public-disclosure such as driver's license numbers, social security numbers, and signatures. Accordingly,

[1] State Officials refers collectively to Secretary of State Cord Byrd, Florida Department of Highway Safety and Motor Vehicles Executive Director Dave Kerner, and Florida Department of Children and Families Interim Secretary Kathryn Williams. Unidos Plaintiffs refers collectively to UnidosUS, League of Women Voters of Florida, Inc., League of Women Voters of Florida Education Fund, Inc., Florida Rising Together, Florida Rising, Inc., Hispanic Federation, Inc., Florida Immigrant Coalition, Inc., FLIC Votes, Inc., Common Cause, and Common Cause Education Fund.

consistent with Federal Rule of Civil Procedure 26(c), this Court finds there is good cause for entry of a protective order governing the production and handling of such materials during this litigation. *See, e.g.*, *Kelly v. Philip Morris Int'l, Inc.*, No. 24-60437-CIV, 2026 WL 2595022, at *4 (S.D. Fla. Apr. 15, 2026) ("[P]ersonally identifying information of nonparties is precisely the kind of information that courts protect, and disclosure of this information would result in a clearly defined and serious injury to the privacy interests of nonparties.") (quoting *Brooks v. Trans Union LLC*, No. 22-0048, 2025 WL 3022295, at *4 (E.D. Pa. Oct. 29, 2025)).

Based on the agreement of the Parties, IT IS ORDERED:

1. As used in this Protective Order, the term "confidential information" includes any item, collection, or grouping of information about an individual including, but not limited to, her or his voter record, driver's license number, address, date of birth, phone number, signature, and other personally identifiable information and that contains her or his name, or the identifying number, symbol, or other identifying particular assigned to the individual.

2. The producing Party may designate documents or materials containing confidential information as "Confidential" where they have a good faith basis to believe that public disclosure of the information falls within the definition in paragraph 1 and the disclosure of the documents would undermine election administration, cause voter harassment, infringe on the privacy interests of non-parties, or risk harm to individual members of an organization. The Parties may make this designation by placing "Confidential" as a distinct stamp or watermark on a document containing confidential information. If, during any deposition in this matter, confidential information is discussed or documents or materials containing confidential information are used, such deposition, or portions of such deposition, may be designated as "Confidential" on the record or within twenty-one days after receiving a copy of the deposition transcript.

3. If a Party inadvertently produces documents or materials through discovery containing confidential information without designating such documents or materials pursuant to paragraph 2, it shall have fourteen days from the discovery of such error to designate such documents or materials and provide “Confidential” designated versions of such documents or materials as replacements to the receiving Party. The receiving Party shall destroy the non-designated version of the documents within a reasonable period of time.

4. Confidential information, including documents and materials designated as “Confidential” may only be disclosed to the Parties, the Parties’ employees, counsel of record for the Parties and personnel in their employ, any experts retained by counsel for this case, this Court and its personnel, and court reporters during a deposition or trial. Confidential information may only be shown to third-party witnesses for deposition and trial preparation in redacted form and only to the extent necessary to further the litigation of this case. Subject to an agreement to abide by the terms of this Protective Order, confidential information produced in this action must also be disclosed to the other plaintiffs and defendants (including intervenors) in these consolidated cases and their counsel of record in this action and may be disclosed to employees of those parties or of their counsel of record and experts retained by those parties or by their counsel of record.

5. All material designated as “Confidential” may only be used for the prosecution or defense of this case. It cannot be used for any other business or commercial matter, or separate legal proceeding.

6. Documents designated as “Confidential” may only be filed under seal with this Court with redacted copies provided for the public docket. But the Parties must confer in good faith before trial to re-assess the designation as “Confidential” to minimize the number of documents filed under seal or with redactions.

7. Confidential information shall not be disclosed in any manner or to any person inconsistent with the terms of this Protective Order.

8. Within sixty days of final judgment or dismissal of this action, including all appeals, a Party receiving any materials designated "Confidential" shall return such materials to the producing Party or, in the alternative, shall certify in writing that the documents have been destroyed.

9. Consistent with Federal Rule of Evidence 502(d), and pursuant to the Parties' express agreement, the production or disclosure of any document, material, or electronically stored information—whether intentional or inadvertent—that contains information protected by attorney-client privilege, attorney work product, or any other legally recognized privilege shall not constitute a waiver of that privilege or protection in this action or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection permitted under law. The standard provisions of 502(b) are therefore superseded. A Party's disclosure of protected material shall not be deemed a waiver of privilege based on a failure to conduct a reasonable pre-production review or failure to act promptly after discovering the disclosure.

10. If confidential information is disclosed, through inadvertence or otherwise, to any person not authorized to receive the information, then the disclosing person must (a) promptly notify the person to whom unauthorized disclosure was made that the confidential information is subject to this Protective Order; (b) promptly and diligently attempt to retrieve or accomplish the destruction of all copies of the confidential information from, and preclude dissemination or use by, the person to whom unauthorized disclosure was made; and (c) promptly notify all parties of the unauthorized disclosure, the circumstances of the disclosure, and the steps taken pursuant to subparagraphs (a) and (b) of this paragraph. Unauthorized disclosure of confidential information, regardless of when the information was designated, does not waive the confidentiality of the

information under this Protective Order, either as to specific information disclosed, or as to any other information relating thereto or relating to the same or related subject matter.

11. If the receiving Party wishes to dispute a privilege claim, it must file a sealed motion with this Court within fourteen days of receiving a clawback notice. The receiving Party may not use the content of the disputed materials to challenge the privilege claim.

SO ORDERED this _____ day of __________________ 2026.

________________________________
United States District Judge