**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-22257-JB**

UNIDOSUS, *et al.*,

Plaintiffs,

v.

CORD BYRD, in his official capacity as
Florida Secretary of State, *et al.*,

Defendants.
_____________________________________/

## ORDER GRANTING MOTION TO INTERVENE

In this consolidated elections case challenging Florida's new proof-of-citizenship law, House Bill 991, the Republican National Committee and the Republican Party of Florida ("Republican Party Movants") now move to intervene. ECF No. [100] (the "Motion"). Although most Plaintiffs did not file an opposition to the Motion, the Florida State Conference of Branches and Youth Units of the NAACP and the Florida Alliance for Retired Americans (collectively, "Opposing Plaintiffs") oppose the intervention. ECF No. [116] (the "Response").

After considering the Motion, ECF No. [100], Opposing Plaintiffs' Response, ECF No. [116], and the Reply, ECF No. [124], along with the record in this case and relevant authorities, the Court **GRANTS** the Motion to Intervene, for the reasons discussed below.

## I. BACKGROUND

This case involves a challenge to House Bill ("HB") 991, a Florida law that imposes new citizenship verification requirements in connection with voter registration and voter rolls. 2026 Fla. Laws Ch. 2026-26 at 1–3. Although the bill became law on April 1, 2026, its provisions will generally take effect on January 1, 2027. *Id.* at 36. On April 1, 2026, two sets of organizations filed separate lawsuits challenging the law before this Court and the U.S. District Court for the Northern District of Florida. ECF No. [1]; Compl., *Fla. State Conf. of Branches and Youth Units of the NAACP v. Byrd*, No. 26-cv-00147-MW/MAF (N.D. Fla. Apr. 1, 2026), ECF No. [1]. On May 1, 2026, the Northern District case was transferred to this Court. ECF No. [61]. Then, on May 20, 2026, the Court consolidated both cases into *UnidosUS v. Byrd*, No. 26-cv-22257-JB. ECF No. [64]. Two months later, on July 22, 2026, Plaintiffs filed amended complaints, both of which add allegations that HB 991 violates the National Voter Registration Act ("NVRA"). ECF Nos. [89] ¶¶ 14–15, [90] ¶¶ 150–85.

Five days after that, on July 27, 2026, Republican Party Movants filed the instant Motion. ECF No. [100]. The Motion argues that intervention is necessary because Republican Party Movants' "interests could be irreparably harmed by an order overriding Florida's voter registration rules, which could undermine the integrity of Florida's elections." *Id.* at 2. Asserting a uniquely partisan interest in Republican voters, candidates, and resources that Florida cannot adequately protect,

Republican Party Movants argue that they have an unconditional right to intervene. *Id.* at 6, 9. In the alternative, they urge, the Court can exercise its discretion to grant intervention under the standards for permissive intervention. *Id.* at 11.

On August 10, 2026, Opposing Plaintiffs filed their Response. ECF No. [116]. Opposing Plaintiffs argue that the Motion is untimely, that Republican Party Movants have no automatic right to intervene under the Federal Rules of Civil Procedure, and that the Court should not otherwise exercise its discretion to allow Republican Party Movants to intervene. *Id.* at 5, 14, 16.

On August 17, 2026, Republican Party Movants filed their Reply. ECF No. [124]. The Reply argues that the Motion is timely and that intervention would not prejudice existing parties or delay this case. *Id.* at 1.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 24 addresses intervention by a third party into an existing case. District courts are required to let a party intervene as a matter of right upon the filing of a timely motion, provided that the party

> (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). A court must grant intervention as of right when a proposed intervenor shows "(1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3)

that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993) (citing *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)).

Even if a party does not meet the standard for intervention as of right, a district court can still allow intervention. Rule 24 provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). In other words, a court may grant permissive intervention if a party shows that "(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common." *Chiles*, 865 F.2d at 1213. Once a party makes that showing, a court still has discretion to deny intervention. *Id.* "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Here, Republican Party Movants seek intervention either as a matter of right or under the Court's discretion. ECF No. [100] at 2. Because the Court will permit Republican Party Movants to intervene as an exercise of its discretion under Rule 24(b)(1), the Court need not resolve whether Republican Party Movants are entitled to intervene as of right.

## III. DISCUSSION

As noted above, a district court can grant permissive intervention when (1) the proposed intervenor's motion is timely and (2) the claim or defense shares a common question of law or fact with the existing case. Fed. R. Civ. P. 24(b)(1); *Chiles*, 865 F.2d at 1213. Beginning with the second prong, there is no dispute that Republican Party Movants have asserted a "defense that shares with the main action a common question of law or fact," the baseline standard for permissive jurisdiction when no statute creates a conditional right of intervention. Fed. R. Civ. P. 24(b)(1)(B). Indeed, Opposing Plaintiffs do not suggest otherwise. *See* ECF No. [116] at 16 (noting the "threshold" requirements of timeliness and a common legal or factual question but only contesting timeliness). As such, the second prong is easily met.

Turning to the first prong, Opposing Plaintiffs argue the Motion is untimely. ECF No. [116] at 14–16. Although "[t]he question of timeliness is largely committed to the district court's discretion," the Court must assess timeliness through four factors:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*United States v. Jefferson Cnty.*, 720 F.2d 1511, 1516 (11th Cir. 1983) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264–66 (5th Cir. 1977)).

An examination of each factor amply supports the conclusion that the Motion was timely. First, although Republican Party Movants were likely aware of their interest in this litigation before the cases were consolidated and the NVRA claims were added,[1] the Motion was filed only five days after Plaintiffs filed their amended complaints and barely two months after consolidation. *See* ECF Nos. [89], [90]; *Chiles*, 865 F.2d at 1213 (holding that a motion to intervene was timely when filed seven months after the original complaint, three months after the motion to dismiss, and before discovery). Second, the Court finds that the existing parties will not suffer prejudice by the intervention, the most important factor in the timeliness inquiry. *Comm'r, Ala. Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019) (citation omitted). The only motions that are pending, filed after this Motion, are two Motions to Dismiss, ECF Nos. [120], [146], neither of which the Court has ruled on. And only two Plaintiffs have even opposed the intervention. Factors three and four of the timeliness inquiry are fairly neutral. Although the Court is not persuaded that the interests of Republican Party Movants would be greatly prejudiced if they cannot intervene in this case, there are no unusual

[1] In their Reply, Republican Party Movants suggest for the first time that "the nature and scope of this case changed—and with it, the resulting threat to the Movants' interests" with the addition of NVRA claims in the amended complaints. ECF No. [124] at 6. The Court notes that they do not explain how or why the addition of the NVRA claims changed the threat to their interests, which "include the verification of voter qualifications and state efforts to remove ineligible non-citizens from voter registration lists." ECF No. [100] at 4. In any event, because the Court finds that the Motion is timely even assuming that Republican Party Movants' interests were known well before the amendments, it need not further discuss this argument.

circumstances affecting the timeliness factor. In addition, the Court is persuaded, as noted by Republican Party Movants, that district courts in this Circuit routinely grant intervention in similar circumstances. *See, e.g.*, *Nielsen v. DeSantis*, No. 20-cv-236, 2020 WL 6589656 at *1 (N.D. Fla. May 28, 2020) (granting permissive intervention to the Republican National Committee, the National Republican Congressional Committee, and the Republican Party of Florida despite the plaintiffs' opposition); *Harriet Tubman Freedom Fighters Corp. v. Lee*, No. 21-cv-242 (N.D. Fla. July 6, 2021), ECF No. [34] at 1 (similar as to the Republican National Committee and the National Republican Senatorial Committee); *Ga. State Conf. of NAACP v. Raffensperger*, No. 21-cv-1259 (N.D. Ga. June 4, 2021), ECF No. [40] at 3 & n.1 (similar as to the Republican National Committee, the National Republican Senatorial Committee, the Georgia Republican Party, Inc., and the National Republican Congressional Committee). Given the above, the Court finds the intervention appropriate.

Opposing Plaintiffs also urge, should the Court grant the Motion, that it impose limits on Republican Party Movants' intervention.[2] Specifically, they suggest restrictions on the form and length of motions that Republican Party Movants can file, as well as limitations on their ability to take and participate in discovery. ECF No. [116] at 17–18. The Court does not find it necessary to do so

[2] Opposing Plaintiffs also propose that the Court permit Republican Party Movants to serve as *amici*. ECF No. [116] at 3. The Court has considered this alternative but, given that the factors for permissive intervention are easily met, declines to pursue it.

at this juncture. In the Motion, Republican Party Movants "commit to complying with the scheduling order" and state that "they will work to prevent duplicative briefing, and coordinate with the parties on discovery." ECF No. [100] at 5 (citations omitted). Should those assurances fall by the wayside during the litigation, the Court reserves its right to place limitations on Republican Party Movants to ensure that the Court's current schedule be preserved. In short, the Court is committed to the current schedule and will take all permissible measures necessary to maintain the current deadlines.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Republican Party Movants' Motion to Intervene, ECF No. [100]. Republican Party Movants shall refile their Proposed Answers, ECF Nos. [100-1] and [100-2], as separate entries on the docket within one day of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 12th day of November, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**