**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP and FLORIDA ALLIANCE FOR RETIRED AMERICANS,

*Plaintiffs*,

v.

CORD BYRD, in his official capacity as Secretary of State of Florida, et al.,

*Defendants*,

REPUBLICAN NATIONAL COMMITTEE and REPUBLICAN PARTY OF FLORIDA,

*Intervenor-Defendants*.

No. 1:26-cv-22257-JB

**INTERVENORS' ANSWER TO**
**FLORIDA NAACP PLAINTIFFS' FIRST AMENDED COMPLAINT**

Intervenors the Republican National Committee and the Republican Party of Florida answer the Florida NAACP Plaintiffs' First Amended Complaint (Doc. 90) as follows:

1. H.B. 991 speaks for itself. Intervenors otherwise deny the allegations in this paragraph.

2. H.B. 991 speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

3. H.B. 991 speaks for itself. Intervenors deny that Florida's law imposes "an undue burden on the right to vote" and violates "federal law." This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

4. H.B. 991 speaks for itself. Intervenors deny that Florida's law imposes "an undue burden on the right to vote" and violates "federal law." This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

5. Intervenors deny that fears of noncitizen voting are "unfounded" and that states have disenfranchised "thousands of qualified voters." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

6. The cited authorities speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

7. Intervenors deny that H.B. 991 is "onerous." This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

8. Deny.

9. Intervenors admit that Plaintiffs filed this suit, but otherwise deny the allegations in this paragraph and deny that Plaintiffs are entitled to any relief.

**JURISDICTION AND VENUE**

10. Intervenors admit that Plaintiffs filed this action under the cited statutes, but deny that Plaintiffs have any valid claim under these laws. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph

11. Intervenors admit that Plaintiffs filed this action under the cited statutes, but deny that Plaintiffs have any valid claim under these laws.

12. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph. The paragraph otherwise consists of legal arguments and conclusions to which no response is required.

13. This paragraph consists of legal arguments and conclusions to which no response is required.

**PARTIES**

14. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

15. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

16. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

17. Intervenors deny that H.B. 991 will impose "severe" burdens on the right to vote. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

18. Intervenors deny that H.B. 991 will prevent qualified voters from voting. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

19. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

20. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

21. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

22. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

23. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

24. Intervenors deny that H.B. 991 "threatens substantial harm" to anyone. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

25. Intervenors deny that H.B. 991 will burden the right to vote. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

26. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

27. Intervenors admit that Cord Byrd is Florida's Secretary of State. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

28. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

29. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

30. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

31. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

32. Intervenors admit that Dave Kerner is the appointed head of the Florida DMV. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

## STATEMENT OF FACTS AND LAW

33. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

34. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

35. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

36. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

37. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

38. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

39. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

40. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

41. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

42. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

43. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

44. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

45. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

46. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

47. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

48. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

49. The referenced cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

50. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

51. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

52. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

53. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

54. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

55. Intervenors deny that requiring voters to present proof of citizenship produces "harmful and burdensome effects." This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

56. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

57. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

58. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

59. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

60. Admit.

61. Intervenors deny that New Hampshire's law imposes "severe" "disenfranchising effects." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

62. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

63. Intervenors deny that proof of citizenship requirements impose "burdensome effects." The referenced laws speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

64. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

65. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

66. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

67. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

68. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

69. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

70. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

71. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

72. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

73. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

74. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

75. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

76. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

77. The cited statutes speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

78. Intervenors deny that H.B. 991 violates the NVRA. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

79. Intervenors deny that requiring proof of citizenship is unlawful or that it disenfranchises qualified voters. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

80. Intervenors deny that H.B. 991 burdens voters. H.B. 991 speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

81. Deny.

82. Intervenors deny that H.B. 991 or other proof-of-citizenship laws disenfranchise voters. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

83. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

84. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

85. The cited statute speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

86. Intervenors deny that Kansas' law disenfranchises voters. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

87. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

88. Deny.

89. Deny.

90. Deny.

91. Deny.

92. The cited statute speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

93. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

94. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

95. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

96. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

97. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

98. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

99. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

100. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

101. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

102. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

103. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

104. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

105. H.B. 991 speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

106. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

107. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

108. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

109. The cited sources speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

110. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

111. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

112. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

113. The cited sources speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

114. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

115. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

116. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

117. The cited sources speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

118. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

119. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

120. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

121. H.B. 991 speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

122. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

123. Intervenors deny that H.B. 991 will impose a "burden on Florida voters." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

124. Deny.

125. Intervenors deny that H.B. 991 is a "solution in search of a problem." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

126. The referenced authorities speak for themselves. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

127. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

128. Intervenors deny that proof of citizenship requirements are burdensome. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

129. Deny.

130. Intervenors deny that "concerns" about noncitizen voting are "unfounded." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

131. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

132. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

133. The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

134. The Florida Constitution speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

135. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

136. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

137. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

138. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

139. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

140. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

141. Intervenors deny that noncitizen voting is not a "real problem" or that H.B. 991 is "not a reasonable remedy."

142. Intervenors deny that the "idea" of "noncitizens voting" is "illogical." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

143. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

144. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

145. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

146. Intervenors deny that H.B. 991 is "unnecessary." The cited source speaks for itself. Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

147. The cited source speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

148. Intervenors deny that H.B. 991 will "disenfranchise lawful voters." This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

149. Intervenors deny that H.B. 991 is a "dramatic and unprecedent law." Intervenors otherwise lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

**COUNT ONE**
**Violation of National Voter Registration Act of 1993**
**52 U.S.C. §20504(c)(2)(B)(ii) (Section 5)**
**(Against Secretary of State Byrd and Executive Director Kerner)**

150. Intervenors incorporate their prior responses.

151. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

152. Deny.

153. The cited statutes speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

154. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

155. This paragraph consists of legal arguments and conclusions to which no response is required.

156. Deny.

**COUNT TWO**
**Violation of National Voter Registration Act of 1993**
**52 U.S.C. §§20505(a), 20508(b) (Section 9 – "Necessary to Assess" Provision)**
**(Against Secretary of State Byrd)**

157. Intervenors incorporate their prior responses.

158. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

159. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

160. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

161. Deny.

162. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

163. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

164. Intervenors lack knowledge or information sufficient to admit or deny the allegations in this paragraph.

165. Deny.

**COUNT THREE**
**Violation of National Voter Registration Act of 1993**
**52 U.S.C. §20505(a)(1) (Section 6 – "Accept and Use" Provision)**
**(Against Secretary of State Byrd)**

166. Intervenors incorporate their prior responses.

167. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

168. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

169. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

170. Deny.

**COUNT FOUR**
**Violation of National Voter Registration Act of 1993**
**52 U.S.C. §20506(a)(6)(A)(ii) (Section 7)**
**(Against Secretary of State Byrd)**

171. Intervenors incorporate their prior responses.

172. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

173. The cited authorities speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

174. The cited regulation speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

175. The cited regulation speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

176. The cited regulation speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

177. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

178. H.B. 991 speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

179. Deny.

180. Deny.

**COUNT FIVE**
**Violation of National Voter Registration Act of 1993**
**52 U.S.C. §20507(a)(1) (Section 8)**
**(Against Secretary of State Byrd and Supervisors of Elections)**

181. Intervenors incorporate their prior responses.

182. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

183. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

184. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

185. Deny.

**COUNT SIX**
**Undue Burden on the Right to Vote**
**U.S. Const. amends. I, XIV; 42 U.S.C. §1983; 28 U.S.C. §§2201–2202**

186. Intervenors incorporate their prior responses.

187. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

188. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

189. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

190. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

191. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

192. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

193. Intervenors deny that H.B. 991 imposes burdens on qualified Florida voters. The cited case speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

194. Intervenors deny that H.B. 991 is not justified by adequate state interests. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

195. Deny.

**COUNT SEVEN**
**Disparate Treatment in Violation of the Right to Equal Protection**
**U.S. Const. amend. XIV; 42 U.S.C. §1983; 28 U.S.C. §§2201–2202**

196. Intervenors incorporate their prior responses.

197. The Constitution speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

198. The cited cases speak for themselves. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

199. The NVRA speaks for itself. This paragraph otherwise consists of legal arguments and conclusions to which no response is required.

200. This paragraph consists of legal arguments and conclusions to which no response is required.

201. Deny.

**REQUEST FOR RELIEF**

a) Intervenors deny that Plaintiffs are entitled to the requested relief.

b) Intervenors deny that Plaintiffs are entitled to the requested relief.

c) Intervenors deny that Plaintiffs are entitled to the requested relief.

d) Intervenors deny that Plaintiffs are entitled to the requested relief.

e) Intervenors deny that Plaintiffs are entitled to the requested relief.

**AFFIRMATIVE DEFENSES**

1. The allegations in the complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to bring this case.

3. Plaintiffs' purported injuries are not traceable to the named Defendants.

4. Plaintiffs' requested relief is barred by the *Purcell* principle.

Dated: November 13, 2026

Respectfully submitted,

*/s/ Jesus M. Suarez*

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
Peter Allevato*†
CONSOVOY MCCARTHY PLLC
1600 Wilson Blvd., Ste. 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com
peter@consovoymccarthy.com

* admitted *pro hac vice*

Jesus M. Suarez
Ivan Feris, Jr.
CONTINENTAL PLLC
245 Alcazar Avenue
Coral Gables, FL 33134
(305) 677-2707
JSuarez@ContinentalPLLC.com
IFeris@ContinentalPLLC.com

*Counsel for Intervenors*